**UNITED STATES of America**

v.

**John F. McGONIGAL.**

**Cr. A. No. 1424.**

United States District Court
D. Delaware.

Feb. 5, 1963.

Stanley C. Lowicki, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Robert C. O'Hora and John P. Daley, Wilmington, Del., for defendant.

LAYTON, District Judge.

Defendant was tried on an information charging him with engaging in receiving (writing) wagers for or on behalf of an unknown person engaged in the business of accepting (banking) wagers and wilfully failing to pay the special wagering or occupational tax of $50 (failing to purchase the $50 gambling tax stamp), contrary to Title 26 U.S.C. §§ 4411 and 7203.[1] Defendant did not take the stand in his own defense. The jury returned a verdict of guilty as to Count 1. Defendant thereupon filed motions for judgment of acquittal and for new trial, to which this opinion is directed.

■ In order for the jury to return a verdict of guilty, it must find not only that the defendant was engaged in the business of a writer but that his failure to purchase a $50 gambling tax stamp was wilful. In order for a criminal act to be wilful, it must not only be committed deliberately and knowingly, but with a bad motive or evil intent. United States v. Palermo, 259 F.2d 872 (3rd Cir. 1958). Simply stated, in order for the Government to convict here, it must prove beyond a reasonable doubt that this defendant deliberately committed the specified violation with the intention of getting away with it.

■ The test applicable to a motion for judgment of acquittal is somewhat different from that applicable to a motion for new trial. In the former, the Court scrutinizes the evidence, including reasonable inferences to be drawn therefrom, from the point of view most favorable to the government and assumes the truth thereof. If there is substantial evidence justifying an inference of guilt, irrespective of the evidence adduced by the defendant, the Court must deny the motion. In the latter, where the ground is that the verdict is contrary to the weight of the evidence, the Court weighs the evidence of both sides, considers the credibility of the witnesses, and if the verdict is against the weight of the evidence a new trial must be granted. United States v. Robinson, 71 F.Supp. 9 (D.C. D.C.1947).

With these principles in mind, let us examine the record insofar as it concerns defendant's motion for judgment of acquittal.

■ The testimony produced by the Government was sufficient to demonstrate satisfactorily that defendant was a "bookie" or, in other words, a writer, but as to the element of wilfulness the evidence was minimal. There was no showing that the defendant knew of the necessity of purchasing a $50 gambling tax stamp, or that he had been in the business for so long and associated so frequently with known gamblers that he should have known of the requirement. There was no evidence of his operation of the gambling business behind a false store front as in so many other cases. Here, defendant seems to have been operating a bona fide fruit and vegetable business.

Indeed, the sole evidence of notice to defendant of the gambling tax stamp requirement, without which no conviction can stand, is the fact that defendant was proved to have been a lifelong resident of Wilmington, coupled with the fact that 29 articles had appeared in the local newspaper since 1956 advising of

---

[1]. There were actually three counts to the indictment. At the end of the trial, the Government withdrew Count 3 and the Court directed a verdict of acquittal as to Count 2.

the necessity of purchasing a $50 gambling tax stamp before engaging in the business of a "bookie" or writer.[2] The Government was unable to prove whether the articles were front page or that defendant was a regular reader of the local newspaper and, of course, was unable to prove that he had read one or more of the articles in question.

As elsewhere pointed out, in order to convict here, the Government must produce satisfactory proof that defendant wilfully failed to purchase the $50 gambling tax stamp. Thus, the Government had to prove that the defendant knew that as a condition precedent to engaging in the writing of numbers the stamp had to be purchased. Both the Fifth and Third Circuit Courts have had occasion to speak on the subject of the requirements of actual knowledge on the part of a defendant in cases of this sort. In Hargrove v. United States, 67 F.2d 820, 90 A.L.R. 1276 (5th Cir. 1933), the Court said:

"The court here fell into the error of not distinguishing between the elements of an offense, where the statute simply denounces the doing of an act as criminal, and where it denounces as criminal only its willful doing. In the first class of cases, especially in those offenses mala prohibita, the law imputes the intent. [Citations]. Had the prosecution here been under such a statute, the charge of the court would have been unexceptionable. In the second class of cases, a specific wrongful intent, that is, *actual knowledge of the existence of obligation* and a wrongful intent to evade it, is of the essence." (Emphasis added.)

And in United States v. Martell, 199 F.2d 670 (3rd Cir. 1952), Judge Goodrich said this:

"Willfulness is an essential element of the crime prescribed by § 145(b). It is best defined as a *state of mind of the taxpayer wherein he is fully aware of the existence of a tax obligation* to the government which he seeks to conceal." (Emphasis added.)

There is no direct evidence that this defendant knew of the requirements of the law.[3] And in view of the use of the word "wilful" in the statute, there is, of course, no presumption to that effect. The only circumstantial evidence bearing on his knowledge is, as has been pointed out, the fact that the local newspapers had carried articles on an average of six times yearly for the past five years stating that numbers writers must purchase the $50 gambling tax stamp before engaging in numbers writing. Under a legal system which extends the blanket of protection to a defendant unless found guilty beyond a reasonable doubt, it goes too far here to say with any reasonable conviction that this defendant knew of the existence of Sec. 4411 based upon five or six annual newspaper articles which, because of their possible appearance on a back page, or the fact that he was out of town or did not happen to read the paper on that particular day, may have escaped his attention.

No doubt the average juror, and, for that matter, the average judge might very strongly suspect that the defendant here had the requisite guilty knowledge. Nevertheless, on the state of this record such suspicion must be regarded as speculation rather than proof. Without go-

**2.** Other evidence relied on by the Government has been scrutinized and rejected as having little or no probative force.

**3.** The facts of this case differ so widely from United States v. Minker, D.C., 197 F.Supp. 295, as to render that authority inapplicable here. True, that Court said "Defendant knew, or *must be presumed to have known*, of the existence of an excise tax on wagers * * *." However, the opinion points out that defendant had actually been informed of the tax obligation by a government officer. Moreover, the record established a persistent and long drawn-out activity in the numbers racket accompanied by consistent acts of deliberate concealment of records.

ing so far as to say that there could not be a sufficiently strong set of facts based upon newspaper notoriety alone as to sustain a conviction, I am of the opinion that the facts here present no such case.

After scrutinizing this record in a light most favorable to the Government, including all reasonable inferences flowing therefrom, I do not find here substantial evidence justifying an inference of guilt. A judgment of acquittal will be entered.