**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Lewis SHIRLEY, Defendant-Appellant.**

**No. 17492.**

United States Court of Appeals, Seventh Circuit.

Dec. 23, 1970.

---

Gerald M. Werksman, Chicago, Ill., Joseph T. Garlovsky, Chicago, Ill., of counsel, for appellant.

William J. Bauer, U. S. Atty., Michael B. Nash, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Atty., of counsel, for appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and PELL, Circuit Judge.

PER CURIAM.

The defendant was found guilty by a jury under an indictment charging him with violating 18 U.S.C. § 2312 by causing the transportation of two stolen automobiles from Chicago to Missouri knowing they were stolen. He appeals from the judgment of conviction and sentence imposed. Since the sufficiency of the evidence is not questioned only a brief summary of the facts is necessary.

According to the Government's evidence, the defendant recruited one Wayne Lodygowski to steal two cars in Chicago and aid in their transportation to Missouri. At defendant's behest, Lodygowski induced Raymond Connor to assist in the transportation. Lodygowski, Connor, and the defendant left Chicago as a group, Lodygowski and Connor each driving one of the stolen cars and the defendant driving his own automobile. The Missouri Highway Patrol arrested each of the drivers before they reached their destination.

In sharp contrast to the Government's evidence, the defendant attempted to prove that he did not participate in the theft of the cars, was unaware that they had been stolen, and was traveling with Lodygowski and Connor because of a coincidence. He claimed that they knew that he planned a trip to Missouri to

visit his sister and asked to follow him since as an expert mechanic he would be able to assist if the cars developed trouble. Because of the nature of the proof, the defendant's guilt or innocence rested largely on the jury's resolution of credibility questions relating to who arranged the theft of the cars.

During his closing argument, defense counsel emphasized the conflict in the evidence concerning the theft of the cars and argued that whoever arranged their theft was also responsible for the crime charged in the indictment. In effect he told the jury that if it believed the defendant's denial of his involvement in the theft, a not guilty verdict was required.

Following the closing arguments the district judge notified counsel of his intention to add a prefatory sentence to the instruction which informed the jury of the charge. The additional instruction stated: "The defendant is not charged with the theft of the cars in question, he is not charged with arranging the theft of any cars." Over defendant's objection the instruction as modified was given.

Although the defendant concedes that the added sentence was "technically and abstractly" correct, he contends that in the context of the evidence it was prejudicial. He argues that since the Government's evidence tended to show that he arranged for the theft of the cars, he could not be guilty of the crime charged unless the jury believed that evidence; hence, the court's prejudicial error in telling the jury that he was not charged with arranging the theft.

Defense counsel also contends that the modified instruction had a further prejudicial effect because he was not notified until after his closing argument that it would be given. He argues that it drew the jury's attention away from the credibility issue concerning who stole the cars and rendered his closing argument ineffective. He says that his closing argument would have taken account of the added instruction had he known it was to be given.

■ Rule 30 of the Federal Rules of Criminal Procedure provides in relevant part that, "The court shall inform counsel of its proposed action upon the [instruction] requests prior to their arguments to the jury, * * *" Although we recognize the necessity of assuring compliance with the rule so that counsel may effectively plan their arguments to the jury, United States v. Bass, 425 F.2d 161, 163 (7th Cir.1970), the rule is not so inflexible as to restrict the trial judge in giving a supplemental or modified instruction designed to prevent the jury from becoming confused and deciding the case on a false basis. Because much of the evidence concerned who stole the cars or arranged their theft, there was a likely chance, particularly in light of defense counsel's argument, that the jury might not understand the offense charged in the indictment.[1]

■ The credibility issue framed by defense counsel in his closing argument was not affected by the additional instruction. The judge simply removed a potential source of confusion concerning the elements of the crime charged which might have marred the jury's deliberation. Accordingly we hold that there was no prejudicial error in giving the additional instruction.

As part of the Government's evidence, a Missouri Highway Patrolman testified concerning an admittedly false exculpatory statement made by the defendant. To establish the voluntary nature of the statement, the Government offered proof, through the officer, that the defendant had been advised of his constitutional rights defined by Miranda v.

---

1. The defendant was not charged with the theft of the automobiles; that is not an element of the federal crime. In a very similar factual situation, the propriety of a jury instruction almost identical to the one given by the trial judge in this case was upheld by the Court of Appeals for the Eighth Circuit. Franano v. United States, 310 F.2d 533, 536 (8th Cir. 1962).

Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and had signed a written waiver form to that effect. Over defendant's objection, the document was admitted into evidence. The defendant argues that its admission prejudiced him because it constituted a concrete reminder to the jury that he lied to the police and thus it unduly emphasized the Government's attack on his credibility.

Since the defendant did not question the voluntariness of his statement, the waiver form was merely cumulative evidence on a collateral issue. We do not, however, believe that its relevance was so remote or the possibility of prejudice so great that the trial judge was required to exclude it. The false exculpatory statement was undoubtedly damaging to the defendant, but the damage was not materially increased by the fact that the waiver form was admitted into evidence.

The defendant's final contention is that the prosecutor made certain improper statements during the Government's closing argument. This complaint concerns two short remarks regarding the seriousness of the offense with which the defendant was charged. The prosecutor referred to the increasing number of cars being stolen in this way:

> [T]he case is not trivial. At a time when the number of cars which are being stolen are increasing—.
>
> \* \* \* \* \* \*
>
> At a time when more security devices are being put on individual cars than you sometimes find on a Brinks truck because of thefts.

While we agree with the defendant that these statements were not particularly relevant and had no bearing on the guilt or innocence of the defendant, we do not find in them an emotional appeal to the jurors' self interest designed to arouse their prejudice against the defendant. The prosecutor's closing remarks did not overstep the bounds of fairness and propriety and could not have worked a substantial injury to the defendant in denying him a fair trial.

The judgment of conviction is affirmed.