**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Chester Albert CLARKE, Sr., Defendant-Appellant.**

**No. 72–2009**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409.

Paul B. Johnson, Tampa, Fla. (Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Defendant Clarke was convicted of aiding and abetting forgery of endorsements on two $1,000 United States Treasury Bonds, as well as uttering both bonds, in violation of 18 U.S.C. §§ 2 and 495. On this appeal he principally complains about the voir dire examination of the prospective jurors, about alleged prejudicial remarks by the prosecutor, and about the Court's final instructions to the jury. Having reviewed all the asserted infirmities, we affirm.

■ The District Judge refused to permit counsel to see the list of prospective jurors until the morning of the trial. Although the appellant concedes that Stone v. United States, 5 Cir., 1963, 324 F.2d 804, controls this issue, he suggests that his being deprived of advance knowledge of the jury list is merely one of a number of cumulative facts denying him of the right to examine the jurors. We disagree since the record demonstrates more than adequate questioning of the jurors on voir dire.

For example, the District Judge elicited from one juror, James M. Cain, that Mr. Cain's wife worked in a bank where the Government's witness, Robert Whitcomb, was the vice president. The District Judge then asked Mr. Cain:

"Well, is there anything about that acquaintance, or the fact that your wife works there, that if Mr. Whitcomb testified you would give more credit to what he said than you would to what somebody else said?"

Mr. Cain answered negatively. Appellant wanted the District Judge to ask further questions requested by defense counsel, such as whether Mr. Cain or his wife would be embarrassed if Mr. Cain did not accept the testimony of Mr. Whitcomb. The District Judge properly refused such superfluous examination. If the juror or his wife would have been embarrassed by an innocent verdict contrary to the testimony of Mr. Whitcomb, Mr. Cain would not have given a negative response to the question propounded to him.

■ A question appellant wanted asked of all prospective jurors was whether they could follow the law that no presumption of guilt may be drawn from the failure of the defendant to testify. The District Judge refused, because he did not know—and should not have to speculate—whether the defendant would eventually take the stand. When the defendant does not take the stand, enough protection in federal trials is provided by Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939), giving the defendant a right to have the Court instruct the jury to disregard his failure to testify. See also Griffin v. California, 380 U.S. 609, 615, n.6, 85 S.Ct. 1229, 1233, n.6, 14 L.Ed.2d 106 (1965).

■ The allegedly prejudicial remarks by the prosecutor occurred during his closing arguments to the jury. The prosecutor said that, if defendant believed a witness was lying, defense counsel could have called another witness to rebut the first witness. The prosecutor did not say that defendant had a duty to call a witness, but the implication of the remarks may have been that defense counsel should have called another witness. We believe that any possible prejudice was rendered harmless by the District Judge's instruction to the jury that the "law never imposes upon a defendant in a criminal case the burden or duty of calling any witness."

■ The next issue concerns Rule 30, Federal Rules of Criminal Procedure, requiring the Court to inform counsel, before closing arguments, what action he will take on counsel's requests for jury instructions. Appellant complains when

the District Judge does not inform defense counsel of all instructions. Yet the rule does not guarantee advance knowledge of all instructions; it only requires that the Trial Judge inform counsel of his rulings as to requested instructions. It was within the District Judge's discretion to supplement the requested instructions in order to prevent the jury, after defense counsel's closing argument, from putting misplaced emphasis on the Government's failure to call a particular witness. As the District Judge simply said, defense counsel himself could have put the witness on the stand.

Affirmed.