**UNITED STATES of America, Plaintiff,**

v.

**Stanley D. LUM, Defendant.**

**Crim. A. No. 78–61.**

United States District Court,
D. Delaware.

Feb. 28, 1979.

John H. McDonald, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

L. Vincent Ramunno, Wilmington, Del., for defendant.

## OPINION AND ORDER

STEEL, Senior District Judge:

This matter comes before the Court on the defendant's motion for a judgment of acquittal or, in the alternative, for a new trial.[1] For the reasons which follow, defendant's motion will be denied.

Defendant, Stanley D. Lum, was indicted on three counts. Count I charged a conspiracy to possess and to distribute heroin, in violation of 21 U.S.C. § 846. Count II charged possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count III charged distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). A trial was held on December 19, 20, and 21, 1978. At the close of all the evidence, Lum moved for a judgment of acquittal, pursuant to Rule 29(a) Fed.R. Crim.P. The Court reserved decision on the motion, pursuant to Rule 29(b) Fed.R. Crim.P., and submitted the case to the jury. The jury returned a verdict of guilty on Count I and not guilty on Counts II and III.

After the jury was discharged, the defendant renewed his motion for a judgment of acquittal, pursuant to Rule 29(c) Fed.R. Crim.P., and moved, in the alternative, for a new trial pursuant to Rule 33 Fed.R.Crim.P. Defendant's motion is based on five grounds which are discussed seriatum.

### I.  *The Evidence*

The facts introduced by the government at trial were the same regarding all three counts. Briefly summarized, the government established the following by the testimony of George E. Dorsey, a Special Agent of the Drug Enforcement Agency. Agent Dorsey testified that he arrived at the home

---

1. The defendant's motion is entitled "Motion for Directed Verdict, Judgment N.O.V. or a New Trial." Because Rule 29 Fed.R.Crim.P. abolishes motions for directed verdict and replaces them with motions for judgment of acquittal, the Court will treat defendant's motion as one for a judgment of acquittal. In addition, the Court has taken the liberty of specifying the federal rules under which the defendant's motion was made.

of Clarence Brisco at approximately 5:45 P.M. on September 6, 1978, to purchase heroin from Brisco. Although Dorsey did not meet Brisco immediately, at approximately 6:00 P.M. Brisco, Lum, and Nathaniel Williams entered the living room together from the second floor of Brisco's house. (Tr. 33). Dorsey and Brisco then discussed the amount of heroin that Dorsey wished to purchase. (Tr. 268). Lum did not participate in the conversation, but was standing approximately 6 to 8 feet away in the living room. (Tr. 35).

After this conversation, Brisco made a telephone call, held another conversation with Dorsey, and left the house accompanied by Lum and Nathaniel Williams. (Tr. 37). Approximately one hour later, Brisco and Lum returned to the house. Brisco then informed Dorsey that he did not have enough heroin to complete the transaction, but indicated that Lum could procure the additional amount. (Tr. 270). Brisco then spoke with Lum in the dining room. (Tr. 41). Following this conversation, Lum left the house. He returned approximately 15 minutes later, handed Brisco a clear plastic bag containing an off-white, brownish powder, and proceeded to the second floor of the house with Brisco. (Tr. 42). Approximately 5 minutes later, Brisco and Lum came downstairs together and Brisco, with Lum remaining in the living room, ushered Dorsey into the kitchen and gave him a clear plastic bag containing an off-white, brownish powder. Dorsey handed Brisco $275 and left the house. (Tr. 43).

## II. *Defendant's Motion for a Judgment of Acquittal*

### (a) *Weight and sufficiency of the evidence*

Rule 29(a) Fed.R.Crim.P. provides for the entry of a judgment of acquittal "if the evidence is insufficient to sustain a conviction . . . ." In ruling upon a motion for a judgment of acquittal the Court:

> [S]crutinizes the evidence, including reasonable inferences to be drawn therefrom, from the point of view most favor-

able to the government and assumes the truth thereof. If there is substantial evidence justifying an inference of guilt, irrespective of the evidence adduced by the defendant, the Court must deny the motion. *United States v. Wolfson*, 322 F.Supp. 798, 806 (D.Del.1971), *aff'd*, 454 F.2d 60 (3d Cir.), *cert. denied*, 406 U.S. 924, 92 S.Ct. 1792, 32 L.Ed.2d 124 (1972), *quoting United States v. McGonigal*, 214 F.Supp. 621, 622 (D.Del.1963). *See also, United States v. Trotter*, 529 F.2d 806 (3d Cir. 1976).

▮ To support a conviction for a violation of 21 U.S.C. § 846, the government must produce sufficient evidence to prove beyond a reasonable doubt that the conspiracy was knowingly formed and that the defendant wilfully participated in the unlawful plan, with the intent to advance or further the illegal purpose of the conspiracy. *See United States v. Thompson*, 533 F.2d 1006, 1009 (6th Cir.), *cert. denied*, 429 U.S. 939, 97 S.Ct. 353, 50 L.Ed.2d 308 (1976); *United States v. James,* 510 F.2d 546 (5th Cir.), *cert. denied,* 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975); *United States v. McKnight,* 439 F.Supp. 536 (E.D. Pa.1977). It is not necessary that the government prove an overt act to sustain a conviction under 21 U.S.C. § 846. *United States v. Dreyer,* 533 F.2d 112, 117 n. 6 (3d Cir. 1976).

▮ The evidence, viewed in a light most favorable to the government, was more than sufficient to justify the jury's conclusion beyond a reasonable doubt that Lum knowingly, intentionally, and actively assisted Brisco in the sale of heroin to Agent Dorsey on September 6, 1978. Consequently, Lum's motion for a judgment of acquittal must be denied.

## III. *Defendant's Motion for a New Trial*

### (a) *Inconsistent Verdicts* [2]

▮ The defendant argues that the jury's verdict was inconsistent in that they

---

2. Although the defendant contends that he is entitled to a judgment of acquittal because of

the inconsistent verdicts, this Court has repeatedly emphasized that "[o]nly the claim of

acquitted him on the substantive counts while convicting him of conspiracy. Consistency in a jury's verdict on separate counts of an indictment, however, is not required when the indictment charges different offenses requiring different elements of proof. *See United States v. Haynes,* 554 F.2d 231, 233 (5th Cir. 1977); *United States v. Harris,* Crim.No. 78–32 (D.Del. November 22, 1978). As the Third Circuit has stated:

> Where different offenses are charged in separate counts of a single indictment, an acquittal on one or more of the counts does not invalidate a verdict of guilty on another even where the same evidence is offered in support of each count. *United States v. Vastine,* 363 F.2d 853, 854–55 (3d Cir. 1966).

In *Dunn v. United States,* 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–191, 76 L.Ed. 356 (1931), Justice Holmes explained the reason for the rule as follows:

> Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. . . . If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as *res judicata* of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold. As was said in *Steckler v. United States,* 2 Cir., 7 F.2d 59, 60:
>
> > The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but

to which they were disposed through lenity.

\* \* \* \* \* \*

That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But the verdicts cannot be upset by speculation or inquiry into such matters. (citations omitted).

**(b)** *The charge on circumstantial evidence*

The defendant argues that the Court's failure to inform counsel that it would give an instruction on circumstantial evidence violated Rule 30 Fed.R.Crim.P. and unfairly prevented defense counsel from making a full and complete closing argument to the jury.

Rule 30 reads in part:

> At the close of the evidence . . . any party may file written requests that the court instruct the jury on the law as set forth in the requests. . . . The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed.

After giving its announced instructions to the jury, the court added the following instruction on circumstantial evidence:

> I want to say a word about direct and circumstantial evidence. There are two types of evidence from which you may find the truth as to the facts of the case, direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of the defendant.
>
> The law makes no distinction between the weight to be given to either direct or circumstantial evidence, nor is a greater

---

insufficient evidence is appropriate in a motion for [a] judgment of acquittal." *United States v. Whiteside,* 404 F.Supp. 261, 264 n. 5 (D.Del. 1975). *See also United States v. Wolfson,* 322 F.Supp. 798, 805–06 (D.Del.1971), *aff'd,* 454

F.2d 60 (3d Cir.), *cert. denied,* 406 U.S. 924, 92 S.Ct. 1792, 32 L.Ed.2d 124 (1972). Consequently, the Court will treat the allegation of inconsistent verdicts as grounds for a new trial pursuant to Rule 33 Fed.R.Crim.P.

degree of certainty required of circumstantial evidence than of direct evidence. You should therefore, weigh all the evidence in the case, direct and circumstantial, and after weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty. (Tr. 443–44).

■■■■ The Court's instruction on circumstantial evidence correctly stated the law, *see* Devitt and Blackmar, *Federal Jury Practice and Instruction,* § 72.02 at 600 (3d ed. 1977), and the defendant does not contend otherwise. Consequently, the only question is whether the Court failed to comply with Rule 30, when it gave the charge on circumstantial evidence without prior notice to the defendant that it would do so.

Rule 30 does not guarantee that counsel be advised of all jury instructions. Rather, it only requires the Court to advise counsel of its rulings on counsel's requested instructions. *United States v. Newson,* 531 F.2d 979, 983 (10th Cir. 1976); *United States v. Clarke,* 468 F.2d 890, 892 (5th Cir. 1972). Neither attorney requested an instruction on circumstantial evidence. Consequently, the Court's failure to advise counsel of its intention to include the instruction on circumstantial evidence did not violate Rule 30. *See United States v. Clarke, supra,* at 892.

■■■■ Moreover, in view of the fact that, as defense counsel recognizes, the evidence of a conspiracy is largely circumstantial and proven through inference, it was well within the Court's discretion to supplement the requested instructions in order to assist the jury in arriving at the truth in this matter. *See United States v. Shirley,* 435 F.2d 1076, 1078 (7th Cir. 1970).

The Court has carefully considered defendant's other contentions regarding the deficiencies in the Court's instructions to the jury and concludes that they are without merit.

### (c) *The Court's failure to answer the jury's question*

■■■■ While deliberating, the jury submitted a written question to the Court which read as follows:

Judge Steel, would the cutting agent be considered the same as heroin in Count II as possess or attempt to possess heroin? (Tr. 452).

After conferring with counsel, the Court submitted the following note to the jury: [3]

I do not understand your question as you have stated it. Is it possible for you to rephrase or restate the question you have in mind? If so, I shall attempt to answer it as rephrased or restated. (Tr. 453).

Shortly thereafter, the jury returned its verdict of guilty on Count I and not guilty on Counts II and III.

The defendant claims that the Court erred in failing to answer the jury's question and that "[I]f the jury had been told that possession of a 'cutting agent' was not a crime in reference to Count II, it very well could have resulted in an acquittal as to Count I as well." (Doc.No. 15 at 3).

The decision whether and how to reinstruct a jury is within the discretion of the trial court. *See United States v. Bolden,* 169 U.S.App.D.C. 60, 514 F.2d 1301 (1975). Considering the ambiguity of the jury's question, the Court cannot conclude that it erred in requesting the jury to rephrase its question or that the defendant was prejudiced by such request. *See United States v. McDuffie,* 542 F.2d 236, 241 (5th Cir. 1976).

### (d) *Inadmissible hearsay*

Prior to trial, the United States Attorney informed the Court that Special Agent Dorsey, the government's principal witness, would testify about conversations he had with Clarence Brisco, the defendant's alleged co-conspirator. (Tr. 10). The Court advised the United States Attorney that any conversations between Brisco and Dor-

---

**3.** The defendant's counsel objected to the Court's failure to answer the jury's question and requested the Court to inform the jury that possession of a cutting agent is not a crime. (Tr. 453–55).

sey would be inadmissible hearsay unless the government first established by objective, independent evidence that a conspiracy existed between Brisco and Lum.[4] During the government's case in chief, the Court ruled that a conspiracy was established when Lum handed Brisco the glassine bag of brownish powder and that evidence of conversations between Dorsey and Brisco which occurred prior to that time was inadmissible hearsay. (Tr. 66).

During his case in chief, the defendant called Agent Dorsey as his first witness, and questioned Dorsey about any conversations he had with Brisco on September 6, concerning "hot stereos". (Tr. 264). On cross-examination, the government attempted to question Dorsey about any other conversations he had with Brisco on September 6, 1978. (Tr. 264). Defendant objected on the ground that evidence of other conversations between Dorsey and Brisco exceeded the range of direct examination. (Tr. 265, 268). The Court overruled the objection and held that the defendant had opened the door to their admission. Continuing with its cross-examination of Dorsey, the government then produced testimony that on September 6, 1978, Dorsey and Brisco engaged in several conversations respecting the quantity of heroin which Dorsey desired to purchase and Lum's participation in the scheme. Like the conversation concerning "hot stereos", these conversations occurred prior to the time when the conspiracy had been proved, and thus would have been inadmissible under the Court's earlier ruling.

The defendant presently complains that Agent Dorsey's testimony regarding Brisco's statements, which were inadmissible under the Court's ruling, were outside the scope of direct examination, unrelated to the testimony of hot stereos, and extremely prejudicial to the defendant. The government argues that the defendant's direct examination of Agent Dorsey, which also elic-

ited inadmissible evidence under the Court's ruling, opened the door to evidence of other conversations between Dorsey and Brisco, even though they ante-dated proof of the conspiracy.

■ In general, when a party opens up a subject, he cannot object if the opposing party introduces evidence on the same subject. *See United States v. Rodriguez,* 509 F.2d 1342, 1347 n. 2 (5th Cir. 1975); *Maxfield v. United States,* 360 F.2d 97, 102 (10th Cir.), *cert. denied,* 385 U.S. 830, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966); *Branch v. United States,* 84 U.S.App.D.C. 165, 166, 171 F.2d 337, 338 (1948). This is so even though the evidence developed on cross-examination would have been inadmissible if the cross-examiner had offered it as direct evidence. The doctrine of opening the door allows a party to explore otherwise inadmissible evidence on cross-examination when the opposing party has made unfair prejudicial use of related evidence on direct examination. *See United States v. Johnson,* 502 F.2d 1373, 1376 (7th Cir.), *cert. denied,* 420 U.S. 977, 95 S.Ct. 1402, 43 L.Ed.2d 657 (1974); *United States v. Bolin,* 514 F.2d 554 (7th Cir. 1975). The rule operates to prevent a defendant from successfully excluding inadmissible prosecution evidence and then selectively introducing pieces of this evidence for his own advantage, without allowing the prosecution to place the evidence in its proper context. *See United States v. Winston,* 145 U.S.App. D.C. 67, 71–72, 447 F.2d 1236, 1240–41 (1971). As the Sixth Circuit stated in *Banning v. United States,* 130 F.2d 330, 338 (6th Cir.), *cert. denied,* 317 U.S. 695, 63 S.Ct. 434, 87 L.Ed. 556 (1942):

It frequently happens that on direct examination of a witness as to a conversation, transaction or other matter, counsel will bring out only such parts as are favorable to the party he represents. When this occurs, it is the right of the

4. Under Rule 801(d)(2)(E) Fed.R.Evid., out of court declarations by a co-conspirator are not hearsay if made during the course and in furtherance of the conspiracy. "Such statements, however, are only admissible if made: (1) in

furtherance of the conspiracy; (2) during the conspiracy; (3) by a co-conspirator." *United States v. Sinclair,* 433 F.Supp. 1180, 1190 (D.Del.1977).

cross-examiner to put the trial court in possession of the full details respecting the matters within the scope of the direct examination.

The doctrine of opening the door, of course, is limited to testimony that might explain or contradict the testimony offered by the opposing party on direct examination; it cannot be "subverted into a rule for injection of prejudice." *United States v. Winston, supra,* 145 U.S.App.D.C. at 71, 447 F.2d at 1240.

▮ In this case the interests of fairness were served by permitting the government to cross-examine Agent Dorsey about his conversations with Brisco even though the conversations took place prior to the time when a conspiracy was established. Defense counsel's question to Agent Dorsey concerning Brisco's possession of stolen stereos was designed to provide the predicate for defendant's contention that he remained at Brisco's house to exchange his cassette for Brisco's "extra" turntable. (Tr. 287). Thus, the clear purpose of the defendant's question was to explain the reason for Lum's presence at Brisco's house on the evening of September 6, 1978. By introducing this otherwise inadmissible evidence, the defendant opened the door to other conversations which tended to rebut the inference that Lum was present at Brisco's house to acquire stolen stereo equipment and not to participate in an illicit narcotics transaction. The testimony offered by the government on cross-examination was directly related to identifying the purpose of Lum's presence at Brisco's house, and was relevant and probative to show that Lum was present at Brisco's house to sell heroin and not to exchange his stereo equipment.

The government's cross-examination of Dorsey was clearly within the scope of the defendant's direct examination, inasmuch as defendant elicited testimony from Dorsey regarding conversations with Brisco prior to the proof of the conspiracy. *See United States v. Rodriguez, supra.* Having utilized hearsay statements on direct with respect to the conversations between Agent Dorsey and Brisco, the defendant cannot object to the usage of hearsay testimony on cross-examination that explains the related subject matter of those conversations. Consequently, the Court cannot conclude that it was improper for the government to introduce evidence of statements between Brisco and Dorsey which occurred prior to the time the Court ruled a conspiracy had been established. Accordingly, the motion for a judgment of acquittal or, alternatively, a new trial is denied.

So ordered.