**STATE of Iowa, Appellee,**

v.

**Robert Ray PADGETT, Appellant.**

**No. 64554.**

Supreme Court of Iowa.

Jan. 14, 1981.

Gordon Liles, Fort Madison, for appellant.

Thomas J. Miller, Atty. Gen., Jeanine Freeman, Robert J. Blink, Asst. Attys. Gen., Des Moines, Michael P. Short, Lee County Atty., and R. David Fahey, Jr., Asst. Lee County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE and McGIVERIN, JJ.

ALLBEE, Justice.

This is an appeal by Robert Ray Padgett from his conviction for kidnapping in the first degree, a violation of section 710.2, The Code 1979. His sole contention on appeal is that trial court committed reversible error in admitting alleged hearsay testimony elicited by the State on cross-examination.

On April 26, 1979, defendant was charged by information in connection with the abduction and sexual abuse of an eleven-year-old girl. The victim had been forcibly taken from a Fort Madison dance studio where she attended lessons, driven to a motel in Coralville and held captive for two days. During this period, she was alternatively handcuffed to a bathroom sink and a bed, and was subjected to various kinds of sexual abuse. The victim was finally released, and defendant subsequently arrested in Muscatine. After change of venue, trial commenced on November 13, 1979; following submission of the case, the jury returned a verdict against defendant, who was later sentenced to life imprisonment. This appeal followed.

Defendant's assignment of error concerns trial court's ruling permitting the admission of certain testimony developed by the State in cross-examination of Robert Standley, Coralville Chief of Police. Standley testified on direct examination by defense counsel regarding his preparation of composite photographs of a suspect constructed through the use of an "Identi-photo kit." This process involves the selection by a witness of photographs of various physical features which most closely resemble features of a suspect they saw, and culminates in a composite photograph of that suspect. Standley's testimony indicated that he had utilized this procedure with Kenneth Kinkor to develop a composite of the head and face of a man to whom Kinkor had purportedly rented a motel room in Coralville during the time of the alleged abduction and sexual abuse. This composite photograph, later admitted as defense Exhibit 16, differed from defendant's actual appearance in certain respects.

On cross-examination, the State through several questions established, over defendant's objection, that Kinkor had expressed reservations to Standley about the accuracy of the composite. Defendant asserts that this testimony constituted impermissible hearsay, and that its admission by trial court amounted to reversible error.

We note initially that defendant's objections were sufficient to preserve any error here. While the hearsay objections were interposed in connection with only two of the State's questions in the challenged exchange, this does not necessarily dictate an absence of preservation of error with respect to the remaining questions. "Once a proper objection has been made and overruled, an objector is not required to make further objections to preserve his right on appeal when a subsequent question is asked raising the same issue. Repeated objections need not be made to the same class of evidence." State v. Kidd, 239 N.W.2d 860, 863 (Iowa 1976); State v. Miller, 204 N.W.2d 834, 841 (Iowa 1973). Here, trial court was alerted by defendant's two objections to his claim of hearsay, and its ruling adequately informed defense counsel that additional objections on the same ground to testimony of the same kind would be to no avail. Thus, the question as to the propriety of the trial court's ruling was properly preserved for appellate review.

Assuming without deciding that the challenged testimony was hearsay, we

nonetheless find no merit in defendant's assignment of error. The composite photograph, prepared by Standley based upon the description provided by Kinkor and with his assistance, itself constituted hearsay. *See Miller,* 204 N.W.2d at 840. *See generally* Annot., 42 A.L.R.3d 1217 (1972). Due to the discrepancies between the composite and defendant's actual appearance, the use of the composite created the inference that the individual to whom Kinkor had rented the motel room was someone other than defendant and weakened a prior in-court identification of defendant made by Kinkor. Under these circumstances, trial court did not err in permitting the State, in its cross-examination of Standley, to develop more fully the facts surrounding the preparation of the composite and to bring to the attention of the jury Kinkor's reservations concerning its accuracy. "The rule in Iowa is that when one party introduces inadmissible evidence, with or without objection, the trial court has discretion to allow the adversary to offer otherwise inadmissible evidence on the same subject when it is fairly responsive." *State v. Pepples,* 250 N.W.2d 390, 394 (Iowa 1977) (*quoting Vine Street Corporation v. City of Council Bluffs,* 220 N.W.2d 860, 864 (Iowa 1974)). *See also United States v. Lum,* 466 F.Supp. 328, 334–35 (D.Del.), *aff'd without opinion,* 605 F.2d 1198 (3d Cir. 1979). Here, the testimony elicited from Standley on cross-examination by the State concerning Kinkor's reservations as to the accuracy of the composite was fairly responsive to the inference created by the direct examination and introduction of the composite, and trial court did not abuse its discretion in allowing it.

We find no reversible error.

AFFIRMED.

All Justices concur except HARRIS, J., who concurs specially.

HARRIS, J. (concurring).

The trial court's ruling was right because the testimony defendant objected to fell outside the definition of hearsay. It is not hearsay unless an out-of-court assertion is offered to prove the truth of that assertion.

*State v. Horn,* 282 N.W.2d 717, 724 (Iowa 1979). The statements here were not. They were offered, not to prove their truth or accuracy, but to show their effect—actually their lack of it—upon the hearer when he made the composite picture. The assertions strike me as the same as those in *State v. Williams,* 256 N.W.2d 207, 208 (Iowa 1977), and *State v. Rush,* 242, N.W.2d 313, 319 (Iowa 1976), which we held were not hearsay. *See also* McCormick on Evidence (2nd ed.) § 248 at 587 and § 249 at 589–90; § 801(d)(1) Fed.R.Evid. I would affirm the trial court on that basis.