**Louise A. WRIGHT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19290.**

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1964.

Thomas J. Klitgaard, San Francisco, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Richard A. Murphy, Asst. U. S. Atty., Chief, Crim. Sec., Kevin O'Connell, Stephen Miller, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before JERTBERG, MERRILL, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

Appellant was charged with violating the Dyer Act. 18 U.S.C.A. § 2312. The car admittedly came into appellant's possession with the consent of the owner. Appellant's defense was that she intended to purchase the car, not to steal it, and, in any event, had done no more than exceed the scope of the permission given by the owner as to time and place of use of the vehicle, which was not in itself sufficient to establish an intent to steal.

Appellant's counsel submitted written requests for instructions reflecting this theory of defense. Counsel asked to be advised prior to closing arguments which of the submitted requests the court was going to accept. The court responded, "I am going to give the general instructions. And you go ahead and argue the case any way you want to argue it. And I will instruct the jury as to the law involved in this case."

Appellant's counsel proceeded to make his argument, basing it in part upon the theory of defense reflected in his requests. The court then charged the jury without giving the requested instructions, or any others dealing adequately with appellant's theory—for we do not think the general instruction to which the government points * can be said to do so.

Appellant contends that the district court failed to comply with the mandate of Rule 30, Fed.R.Crim.P., that "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury * * *." The government argues that the court complied with the Rule; and, if it did not, that the error was harmless.

---

* "The word 'stolen' * * * means any wrongful act or dishonest taking whereby a person obtains property belonging to another without or beyond any permission given, *and* with the intent to deprive the owner of the right and benefit of ownership." (Emphasis added by the government.)

The government reads the first sentence of the court's response as a statement that all of appellant's written requests were rejected, and that the court would give those of the "general instructions" reported at 27 F.R.D. 39 as were appropriate to the case. Appellant's counsel states that he understood, and so indicated by the objection which he immediately interposed, that the court was refusing to advise him in advance which of the requested instructions would be given.

 "The obvious object of the rule in point is to require the judge to inform the trial lawyers in a fair way what the charge is going to be, so that they may intelligently argue the case to the jury." Ross v. United States, 180 F.2d 160, 165 (6th Cir. 1950). See also Downie v. Powers, 193 F.2d 760, 766–767 (10th Cir. 1951). Measured against the purpose of Rule 30, we think the court's cryptic remarks were inadequate.

■ Nor can we say that the error may be disregarded as not affecting appellant's substantial rights. Rule 52(a), Fed.R.Crim.P. Because the court failed to clearly inform counsel of its ruling on his requests, counsel's closing argument was based upon a theory of defense which the court rejected, or at least ignored, in its subsequent instructions. We cannot say that this did not impair the effectiveness of counsel's argument and hence of appellant's defense. Carbo v. United States, 314 F.2d 718, 745–746 (9th Cir. 1963), and Watada v. United States, 301 F.2d 869, 870 (9th Cir. 1962), are not to the contrary, for in neither case did it appear that the failure of the court to comply with Rule 30 affected the content of counsel's argument.

The government asserts that the requested instructions were faulty. But that, if true, is of course irrelevant. It was the court's failure to advise counsel of its ruling prior to closing argument, not the soundness of that ruling, which violated Rule 30 and prejudicially affected counsel's summation.

Reversed.