Michigan Bank, Appellant, *v.* Steensen.

Argued November 16, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Frank Reich,* with him *Emil W. Herman,* and *Rothman, Gordon, Foreman & Reich,* for appellant.

*David M. Harrison,* with him *Harrison & Louik,* for appellee.

OPINION BY JACOBS, J., December 14, 1967:

This is an appeal from summary judgment granted by the lower court to appellee on appellee's motion un-

der Pa. R. C. P. No. 1035. We can sustain such summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R. C. P. No. 1035(b). In making such determination "the court must take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, thereby placing the burden of proving the absence of any factual issue on the movant."[1]

In this case only pleadings and answers to interrogatories were filed of record. We have examined them with the aforementioned principles in mind and are persuaded that material facts are in controversy, barring the entry of summary judgment.

The appellant, Michigan Bank, sued appellee on a note. Appellee admits signing the note and an accompanying chattel mortgage, but asserts failure of consideration. Appellant's pleadings and answers to interrogatories allege (1) that the loan was secured by an airplane purchased from Aero Enterprises, Inc.; (2) that the proceeds of the loan paid the purchase price of the airplane; (3) that the appellee signed a chattel mortgage wherein he covenanted that the appellant should have a first lien on the airplane; (4) that appellee gave no express instructions as to who should receive the proceeds of the loan; (5) that upon checking Federal Aviation Agency records, the appellant discovered an existing lien by Aero Enterprises, Inc. in

---

[1] *Janek v. Celebrezze*, 336 F. 2d 828 (3d Cir. 1964). Pa. R. C. P. No. 1035, substantially adopts the language of the federal rule on summary judgment, Fed. R. Civ. P. 56. Our interpretation of the Pennsylvania rule is accordingly guided by the federal courts' construction of the same language in the federal rules.

favor of Appliance Buyers Credit Corp.; (6) that because of their agreement that the appellant should have a first lien and in accord with "usual procedure", the appellant sent the proceeds of the loan to Appliance Buyers Credit Corporation, by check payable to Appliance and Aero jointly, to pay off this prior lien.

Appellee insists, however, that he purchased the plane outright and paid the purchase price. He neither admits nor denies the existence of the prior lien. He insists that he instructed the bank to send the loan proceeds to him. Such instructions are unsupported allegations which in view of appellant's denial must for the purposes of this motion be resolved against appellee.

The court below entered judgment for the appellee on the ground that the appellant sent its check for the proceeds of the loan to the lienholder with instructions to pay off its lien and forward the balance to Aero Enterprises, Inc. The court below stated that the appellee had already paid the full purchase price and that payment to Aero was clearly the act of a volunteer preventing recovery by the plaintiff. Such statement assumes a very material fact which is in dispute. The appellant denies that appellee had paid for the airplane and asserts that the proceeds of the loan paid the purchase price. This is clearly a material factual issue preventing entry of summary judgment.

There are a number of other unresolved factual issues which are material to a proper disposition of this case. Was appellant authorized to pay off a prior lien on the aircraft? Appellant claims it was agreed that its chattel mortgage would be a first lien on the aircraft. This agreement, appellant avers, authorized it to use the proceeds of the loan to pay off the lien, which it did. Appellee does not deny the existence of the lien or the chattel mortgage but claims he instructed appellant to send him the proceeds of the loan. This the

appellant denies. Did appellant request appellee to attempt to recover money from Aero Enterprises, Inc. for which appellee charged appellant $224.60 by way of set off? Appellant denies that it ever made such request.

It is also obvious that there are several other factual matters which bear heavily on the outcome of the case and which do not appear in the record. What was the amount of the prior lien? How much was received by Aero Enterprises, Inc.? Until those facts are determined it is impossible to tell whether the plaintiff is entitled to recover anything.

Reversed with a procedendo.