**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Oscar Reyes MENDOZA and Jesus Reyes Mendoza, Defendants-Appellants.**

**No. 72-2421.**

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1973.

U.S. 934, 92 S.Ct. 954, 30 L.Ed.2d 810 (1972).

Clyde W. Woody, Marian S. Rosen, Houston, Tex., for defendants-appellants.

William S. Sessions, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before TUTTLE, BELL and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Oscar Reyes Mendoza and Jesus Reyes Mendozo appeal from convictions [1] on three counts of federal drug offenses. Count one charges a conspiracy to import and to possess heroin with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), 952(a), 960(a)(1) and 963; count two charges possession of heroin with intent to distribute it in violation

of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and count three charges importation of heroin in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2.

Appellants raise numerous points of error, the primary ones relating to (1) the Trial Judge's failure to inform counsel, as required by Rule 30, Fed.R. Crim.P., in advance of argument to the jury what action he would take on defense counsel's requested jury instructions; (2) the admission into evidence of statements obtained from Oscar Mendoza during the period between his arrest and the time he was taken before the United States Magistrate; and (3) the admission into evidence of certain hearsay testimony. We find a violation of Rule 30 and reverse and remand for a new trial.

## I.

Rule 30 of the Federal Rules of Criminal Procedure provides:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

---

1. On June 1, 1972, both defendants received the same sentences of eight years to be served concurrently with sentences imposed for their recent federal convictions relating to importation and sale of marijuana. These earlier convictions were recently affirmed by this Court in United States v. Mendoza, 5 Cir., 1972, 473 F. 2d 692.

■ This is a mandatory rule requiring the Trial Judge, before closing argument, to inform counsel what action he will take relative to the requested jury instructions, so that counsel may intelligently argue the case to the jury. Ross v. United States, 6 Cir., 1950, 180 F.2d 160, 165.

■ A condition precedent to the application of Rule 30 is that the requested instructions be presented to the Judge in timely fashion, "[a]t the close of the evidence or at such earlier time during the trial as the court reasonably directs." There is some doubt about the exact time when the defense counsel gave his requested instructions to the Trial Judge, whether the day the parties finished presenting evidence or the day before. At least we know the Judge had the requests within the outer time limit of Rule 30, "at the close of evidence," for he said when both sides rested that he had looked at the requested instructions. That leaves unanswered the question whether the Judge had required the instructions to be filed at some "earlier time." There is no indication in the record that he did. The Western District of Texas does have the following local rule: "The charge that each party would be satisfied to have the Court give the jury shall be furnished to the Court and opposing counsel at or prior to the pre-trial conference." However, the United States Attorney handling this case conceded in a letter to this Court that the local rule applies only to civil, not criminal, cases. It is clear that defense counsel presented his requested instructions to the Trial Judge within the stipulated time limit of Rule 30.

The rule further requires that the Trial Court must "inform counsel of its proposed action upon the requests prior to their arguments to the jury." However, the Trial Judge did not comply with the literal terms of Rule 30. We set forth in the margin the colloquy between the Court and defense counsel in this regard.[2]

2. The colloquy reads as follows:

"MR. WOODY: Your Honor, we would like to know what the Court is going to instruct, or at least on our requested instructions.

THE COURT: I looked at all of your requested instructions with the exception of maybe four or five, and every one of those requested instructions you made are already in that charge. I haven't had time to look at the last four or five.

MR. WOODY: Your Honor, we are not in a position to argue until we know generally what you are going to tell them. We would like for the Court to rule on the instructions, so that at least we are not arguing one thing to the jury—

THE COURT: You won't be arguing one thing to the jury and something else in the charge. The charge will contain the usual elements on conspiracy and the necessary elements of the other two counts of the indictment for conviction. You know what they are, and you know what the conspiracy allegations are.

MR. WOODY: I know what it is, Your Honor, under the General Conspiracy Statute, but I don't know what it is under this.

THE COURT: Well, I understand you don't understand this indictment, but you are perfectly prepared right now, Mr. Woody, and I will testify to that, to make an argument under the charge.

MR. HARRISON: May the witness be excused?

THE COURT: If you are through with them.

MR. HARRISON: All right.

MR. WOODY: Would the Court rule on our requested instructions so that—

THE COURT: You want them filed, don't you?

MR. WOODY: Yes, sir.

MRS. ROSEN: They are already filed, Your Honor.

THE COURT: I will be glad to sign all of them in the space provided on each and every one of them.

MR. WOODY: That they are refused?

THE COURT: No; no, I didn't say that. The truth of the matter is, the first fifteen or eighteen that I looked at are already in the charge. The charge will be given to the jury, and before the jury begins its deliberations, you will be given an opportunity to make any exceptions you want to to the charge.

MR. WOODY: With all due respect and deference to the Court, I submit

Some time after closing arguments, but so far as the record discloses, without informing counsel, the Trial Judge signed each of the forty-nine requested instructions and revealed the action of the Court by checking *given* on one request, number 16; by checking *refused* on eighteen requests, numbers 11, 14, 19, 20, 23, 25, 30, 31, 32, 35, 36, 37, 38, 39, 41, 42, 44, and 49; and by checking *substantially given* on the rest of the requests.

Thus defense counsel began his argument to the jury with an understanding that "every one of those requested instructions [with the exception of four or five that the Judge did not read] . . . are already in that charge."[3] Yet the record shows that the Trial Judge's later action was to refuse eighteen of the instructions. The Trial Judge reiterated to the counsel that "the first fifteen or eighteen that I looked at are already in the charge" although he even refused to approve two of them, numbers 11 and 14.

 This Circuit requires only that there be substantial compliance with Rule 30, unlike the Seventh Circuit which requires the Trial Judge before closing arguments to inform counsel of all instructions that will be given to the jury, whether proposed by counsel or not. *Compare* United States v. Clarke, 5 Cir., 1972, 468 F.2d 890; United States v. Williams, 5 Cir., 1971, 447 F.2d 894, 901; Windisch v. United States, 5 Cir., 1961, 295 F.2d 531, *with* United States v. Bass, 7 Cir., 1970, 425 F.2d 161; United States v. Shirley, 7 Cir., 1970, 435 F.2d 1076 (permitting the Judge

some latitude to issue supplemental clarifying instructions). *See generally* Wright v. United States, 9 Cir., 1964, 339 F.2d 578, 579–580; Ross v. United States, 6 Cir., 1950, 180 F.2d 160. But here we have a failure of substantial compliance with the rule. Although we recognize that the evidence against the defendants is nearly overwhelming, we cannot say with reasonable certainty that the outcome would be the same if the defense had argued before the jury with accurate information about the Trial Judge's proposed action upon the requested jury instructions. Therefore, we think the circumstances warrant granting defendant a new trial.[4]

## II.

The second point of error on this appeal concerns certain statements by Oscar Reyes Mendoza. He was arrested in his automobile after he allegedly made a pickup of narcotics imported from Mexico. Not until two days later was he taken before the United States Magistrate. During the interim, he made two statements which were used against him at the trial, one immediately upon arrest and the other at a federal building just before he was placed in a jail cell. The admissibility into evidence of these statements is challenged on the alternative theories that they were obtained either in violation of Oscar Mendoza's constitutional rights or in violation of Rule 5(a), Fed.R.Crim.P.

As required by Miranda v. Arizona, 384 U.S. 436, 444–445, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1962), the arresting officer advised Oscar Mendoza of his

---

that we are entitled to know before we argue what we are—what you are going to tell them.

THE COURT: What the indictment alleges. That's it. You say you don't understand it. That is unfortunate, but that's the way it is.

MRS. ROSEN: Your Honor, under Rule 30—

THE COURT: Ma'am?

MRS. ROSEN: Under Rule 30—

THE COURT: Well, if you are right about your construction of those rules,

as you mentioned yesterday, of course, you are in real good shape.

MR. WOODY: Maybe we are, but our clients aren't.

THE COURT: Well, let's go ahead."

3. Note 2 *supra.*

4. This action is not taken by reason of any constitutional mandate, but rather in our supervisory capacity to assure that the Federal Rules of Criminal Procedure are followed.

constitutional rights to remain silent and to have an attorney at government expense if he could not afford his own attorney. Later at the federal building the officer reminded him that he had been advised of his constitutional protection. During the two hours between the time of the arrest and the time questioning ended, Oscar Mendoza voluntarily waived his constitutional rights and responded to questioning.[5]

■ Rule 5(a) of the Federal Rules of Criminal Procedure requires the arresting officer to "take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States." This rule's purpose is to have a judicial officer advise the defendant of his constitutional rights and thereby to prevent administrative detection without probable cause and to reduce the opportunity for third-degree practices by the police. Culombe v. Connecticut, 367 U.S. 568, 584–585, 81 S.Ct. 1860, 1870, 6 L. Ed.2d 1037 (1961). A violation of the rule renders the evidence obtained *per se* inadmissible. To determine whether a violation occurred, this Circuit considers "such facts as the availability of a committing magistrate, the length of the delay before the prisoner is taken before the magistrate, and the police purpose or justification, if any, for the delay." Rogers v. United States, 5 Cir., 1964, 330 F.2d 535, 538. Rule 5(a) is satisfied in the case before us since there was no unnecessary delay. The arrest occurred early Saturday morning around five o'clock when the United States Magistrate was not readily available. Oscar Mendoza was promptly brought before the Magistrate on Monday morning when the Magistrate was available. The police questioned him for a short time and the questioning was justified by his willing attempt to explain his activity.[6] Accordingly, the statements obtained during detention are properly admissible during the trial.

### III.

■ The third point of error concerns the necessity for the Trial Judge to give limiting instructions, in addition to the final instructions, to the jury at the time evidence is admitted, where the evidence may be admissible for one purpose but not for another. *See generally* Lutwak v. United States, 344 U.S. 604, 615–619, 73 S.Ct. 488–490, 97 L.Ed. 593 (1953). Part of the evidence at issue is testimony by third-party witnesses about what Oscar Mendoza and Jesus Mendoza said out of Court, so the testimony may be hearsay. *See* Rule 801, Rules of Evidence for United States Courts and Magistrates, 56 F.R.D. 183, 293 (1972). Therefore, we believe limiting instructions to the jury at the time evidence is admitted is appropriate, consistent with the principles enunciated in the following cases. United States v. Wilkerson, 5 Cir., 1972, 469 F.2d 963; United States v. Williamson, 5 Cir., 1971, 450 F.2d 585; United States v. Hernandez, 5 Cir., 1971, 441 F.2d 157; Nelson v. United States, 5 Cir., 1969, 415 F.2d 483; Scarborough v. United States, 5 Cir., 1956, 232 F.2d 412.

■ In the final instructions to the jury the Judge said that statements made by one defendant outside the presence of the other defendant may be considered for the conspiracy count but not for the substantive counts. This instruction may be too restrictive. If the statements are made in furtherance of

---

5. The present case may be compared to United States v. Cox, 5 Cir., 1972, 459 F. 2d 986, 987, where the Court permitted the admission of statements taken after *Miranda* warnings and within an hour of an illegal arrest.

6. These oral statements were not confessions. Furthermore, when the defendant said he would not sign anything without the approval of his attorney, the questioning then ended.

an established conspiracy and if relevant to the substantive counts, the statement may be considered by the jury for all three counts.[7] United States v. Mendoza, 5 Cir., 1972, 473 F.2d 622, 695.

Reversed and remanded.

7. Alternatively, there may be an agency relationship, independent of the conspiracy, which existed for the purpose of carrying out the substantive crimes charged in the indictment. *See,* Rule 801(d)(2)(D), Rules of Evidence, *supra*; United States v. Williamson, 5 Cir., 1971, 450 F.2d 585; United States v. Hoffa, 5 Cir., 1965, 349 F.2d 20, 41, aff'd 385 U.S. 293, 87 S.Ct. 408, 17 L. Ed.2d 374 (1966). *See also* Pinkerton v. United States, 328 U.S. 640, 646, 66 S. Ct. 1180, 1184, 90 L.Ed. 1489 (1946) ("And so long as the partnership in crime continues, the partners act for each other in carrying it forward.").