**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George C. EHMIG, Defendant-Appellant.**

**No. 72–3254.**

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1973.

Wayne D. Mancuso, Gretna, La. (Court-appointed), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Robert Livingston, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, George C. Ehmig, was charged in a two count indictment with willfully and knowingly making and subscribing fraudulent United States income tax returns for the years 1965 and 1966. He was found guilty by a jury and appeals from his judgment of conviction, alleging that several evidentiary errors were committed during the course of the trial, that the court improperly refused certain requested charges and did not adequately hear his objection to the charge given to the jury. We affirm.

■■ Ehmig's most substantial contention is that the district court permitted the government to introduce several signed statements by witnesses as memoranda of past recollections recorded without requiring it to establish a proper foundation for their admissibility. During the course of the trial, the government called forty-one witnesses to testify concerning the legal fees they had remitted to Ehmig during the years 1965 and 1966. This testimony was adduced in order to show that since the income Ehmig received exceeded the amount of income shown by his tax returns, he possessed the requisite knowledge that his returns were false and fraudulent. The court permitted the government to introduce into evidence a statement given by one of Ehmig's clients despite the inability of his client to verify from his recollection the accuracy of the figures contained in the statement. Although the government may have been remiss in establishing a proper evidentiary foundation, we cannot say that the failure of the district court to exclude this evidence was reversible error.

■■ Ehmig complains of five additional errors on appeal.[1] Based on our review of the briefs and the record and the contentions advanced at oral argument we find these to be devoid of merit and hence affirm.

Affirmed.

---

[1] These contentions, and the authority supporting our disposition, are as follows: first, that under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1970), the court erred in admitting statements made by him to IRS agents investigating him, *see* Marcus v. United States, 422 F.2d 752, 756 (5th Cir. 1970) ; second, the court erred in admitting evidence of past due taxes proffered by the government in order to show intent, *see* United States v. Martinez, 466 F.2d 679, 683–684 (5th Cir. 1972) ; third, the court erred in admitting evidence of his expenditures in the year 1966, which expenditures exceeded the amount of income shown by the returns he filed in that year and hence buttressed the conclusion that Ehm-

ig had knowledge that he underrepresented his income, *cf.* United States v. Penosi, 452 F.2d 217 (5th Cir. 1971), cert. denied, 405 U.S. 1065, 92 S.Ct. 1495, 31 L.Ed.2d 795 (1972) ; fourth, the court erred in failing to give an instruction on entrapment, *see* United States v. McCann, 465 F.2d 147, 161–162 (5th Cir. 1972) and a separate instruction on negligent or mistaken as opposed to intentional underrepresentation of income, *see* United States v. Gremillion, 464 F.2d 901, 909 (5th Cir. 1972) ; and fifth, the court erred in refusing to hear objections by Ehmig to certain jury charges offered prior to the jury's retirement for deliberation, *cf.* United States v. Mendoza, 473 F.2d 697, 701 (5th Cir. 1973).