UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth Wayne HARVILL, Defendant-Appellant.

No. 74–1310.

United States Court of Appeals, Ninth Circuit.

July 15, 1974.

Richard T. Ball, of Arrick & Ball, Phoenix, Ariz., for appellant.

William C. Smitherman, U. S. Atty., Phoenix, Ariz., for appellee.

Before MERRILL and CHOY, Circuit Judges, and ZIRPOLI,* District Judge.

## OPINION

PER CURIAM.

Following a jury trial, Kenneth Wayne Harvill was convicted of a two count indictment charging him with possession of firearms in violation of 18 U.S.C. App. § 1202(a)(1).[1]

The only error claimed on appeal is that the trial judge failed to comply with Rule 30 of the Federal Rules of Criminal Procedure. Rule 30 provides, in relevant part:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. . . .
> The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed.

During the course of the proceedings, Harvill's counsel submitted requested instructions to the court on the question of specific intent which would require proof that defendant acted knowingly, purposely intending to violate the law, for conviction.

Immediately prior to the testimony of the final defense witness, during a recess, the trial judge indicated he would give the requested instructions.[2] The proceedings were reconvened, and counsel presented their arguments to the jury. Court was then recessed until the following morning, when the judge, without notifying counsel, failed to give the requested instructions, and instead instructed the jury that no specific intent was necessary to show a violation of section 1202(a)(1).

Counsel for Harvill made timely exception to the failure to give the requested instructions and to the contradictory pattern of instructions. The exception was noted by the court (RT 41 –43).

The government does not argue that there was compliance with the rule, but claims that the court's instructions were proper[3] and did not result in any prejudice to defendant. Whether the requested instructions were faulty is irrelevant; however, the court's failure to advise Harvill's counsel that he would not give the requested instructions requires reversal of the conviction only if

---

* Honorable Alfonso J. Zirpoli, United States District Judge, Northern District of California, sitting by designation.

1. § 1202. *Receipt, possession, or transportation of firearms—Persons liable; penalties for violations*
(a) Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, . . .
and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

2. THE COURT: Now, we come to defendant's request to instruct. Defendant requested instruction number one, has the Government any objection to that?
MR. JENNINGS: I would request, Your Honor, that the Court give it encompassing instruction as specific intent as we talked about in chambers.
THE COURT: I shall enlarge it, but in essence the Court adopts defendant's requested instruction number one.
Defendant requested instruction number two, has the Government any objection?
MR. JENNINGS: No, your Honor.
THE COURT: Very well. . . .
(RT 90)

counsel's closing argument was prejudicially affected thereby. Wright v. United States, 339 F.2d 578, 580 (9th Cir. 1964). *See also* United States v. Scheffer, 463 F.2d 567, 574 (5th Cir. 1972).

 The focus of our inquiry must be on the effect which the court's misleading indications regarding the requested instructions had on the content of counsel's argument. "The obvious object of the rule in point is to require the judge to inform the trial lawyers in a fair way what the charge is going to be, so that they may intelligently argue the case to the jury." Ross v. United States, 180 F.2d 160, 165 (6th Cir. 1950).

In this instance, Harvill's counsel argued to the jury after receiving misleading assurances that his instructions on specific intent would be given. Although only a portion of his closing argument stressed this issue, we cannot conclude that "the effectiveness of counsel's argument and hence of appellant's defense" was not impaired by counsel's inaccurate information regarding the court's charge. Wright v. United States, *supra*, 339 F.2d at 580. *See also* United States v. Mendoza, 473 F.2d 697 (5th Cir. 1973).

Although the government argues that the outcome of the trial could not conceivably have been affected had Harvill's counsel based his argument on accurate information about the court's action on his requested instructions, we cannot say that if the argument had been retailored to focus more vigorously on the questions of constructive possession and credibility of the witnesses, there would not have been a different outcome. In effect, part of counsel's argument was repudiated by the court, and thus the potential prejudice to defendant was considerably greater than in *Wright* and *Mendoza* where the court had not initially given an apparent unequivocal affirmative response to defendant's requested

3. Specific intent is not required to sustain a conviction of violation of section 1202(a)(1). United States v. Freed, 401 U.S. 601, 607, 608, 91 S.Ct. 1112, 28 L.Ed.2d 356

instructions. As the fifth circuit noted in *Mendoza*:

> Although we recognize that the evidence against the [defendant] is nearly overwhelming, we cannot say with reasonable certainty that the outcome would be the same if the defense had argued before the jury with accurate information about the Trial Judge's proposed action upon the requested jury instructions.

473 F.2d at 701.

Accordingly, the judgment of conviction is reversed and the case remanded for a new trial.

(1971); United States v. Jones, 446 F.2d 12, 14 (9th Cir. 1971). *Cf.* United States v. Petrucci, 486 F.2d 329, 331–332 (9th Cir. 1973).