## Susquehanna Savings Association v. Fowler

454

*Joseph Serling*, for plaintiff.
*Gary Wamser*, for defendants.

MYERS, *P.J.*, November 9, 1984—On October 22, 1974, defendants Norman S. Fowler and Barbara J. Fowler, obtained from plaintiff, Susquehanna Savings Association, a purchase money mortgage in the sum of $16,500. Said mortgage was with bond in the sum of $33,000, with interest payable at nine and one-quarter percent per annum. This mortgage obligated defendants to pay plaintiff $16,500 plus interest and costs in monthly payments of $141.31 plus taxes until paid in full. Said mortgage was secured by the premises at 331 East Second Street, Berwick, Columbia County, Pa.

Defendants fell behind in the payment of their monthly installments on the mortgage loan in 1982. Consequently, on or about June 10, 1982, plaintiff sent to defendants a notice of intention to foreclose on the mortgage.

On August 17, 1982, plaintiff filed a complaint in action of mortgage foreclosure against defendants. Defendants filed an answer to the complaint, together with new matter, on January 27, 1983. In their new matter, defendants argued that the complaint should be dismissed since the notice of intention to foreclose was inadequate. On February 8, 1982, plaintiff filed its answer to the new matter together with a motion for summary judgment. Defendants also filed a motion for summary judgment on March 8, 1984. The summary judgment motions for both litigants, along with the adequacy of plaintiff's notice of intention to foreclose, are the issues now before this court for resolution.

Summary judgment should be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. 1035(b). In making such a determination, the court must view the evidence in a light most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, thereby placing the burden of proving the absence of any factual issue on the party seeking a summary judgment. Michigan Bank v. Steensen, 211 Pa. Super. 405, 236 A.2d 565 (1967); Thomson Coal Company v. Pike Coal Company, 488 Pa. 198, 412 A.2d 466 (1977).

The general rule is that before any residential mortgage lender may commence a mortgage foreclosure action, such person shall give the residential mortgage debtor notice of such intention. 41 P.S. §403(a). Said notice must be in writing. 41 P.S. §403(b). According to subsection (c) of aforementioned statute, the written notice required shall clearly and conspicuously state:

1. The particular obligation or real estate security interest,

2. The nature of the default claimed,

3. The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default,

4. The time within which the debtor must cure the default,

5. The method or methods by which the debtors' ownership or possession of the real estate may be terminated, and

6. The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default.

Failure to comply with 41 P.S. §403 constitutes a failure to meet jurisdictional prerequisites to bringing an action in mortgage foreclosure and necessitates dismissal of the complaint. Kennedy Mortgage Company v. Washington, 12 D.&C. 3d 476 (1979); Fidelity Bond & Mortgage Company v. Clark, 7 D.&C. 3d 742 (1978).

Since failure to comply with the aforementioned statute does not preclude plaintiff from subsequently filing notice in compliance with the statute, as admitted by defendant in his motion for summary judgment, said motion for summary judgment will be denied, since granting the motion would act as res judicata and preclude the filing of said subsequent notice. Sims v. Mack Trucks, Inc., 463 F. Supp. 1068 (1979). Thus, it must be determined whether the notice of intention to foreclose is defective. If said notice is defective, the complaint shall be dismissed and plaintiff's motion for summary judgment denied. If the notice is sufficient, then said summary judgment motion must be considered.

The courts in Pennsylvania have broadly constructed the requirements of the aforementioned act to protect more fully the debtor. As the court noted in Kennedy, "We read the history, purpose, and language of the act to intend a set of maximum technical restrictions on the operation of the foreclosure mechanism. There is a massive exclusionary intent to vitiate the rigors of foreclosure and to mitigate the harshness of economic imbalance between the mortgagor and the mortgagee".

In the case at bar, defendants argue that the notice of intention to foreclose is defective. Specifically, defendants claim that the paragraph which describes the acts which defendants must perform to cure the default is not understandable to a person of reasonable intellect. That paragraph states, "performing any other obligation which you would have been bound to perform in the absence of default or the exercise of any acceleration clause in the mortgage."

In Fidelity, a paragraph which read "Performance of other obligations for the mortgage and the indebtedness secured thereby required to be performed in the absence of default and the exercise of the acceleration clause, if any" appeared in the notice of intention to foreclose. In that case, the court stated that "such language may be clear to legislators and lawyers, but fails to inform a person of average intellect specifically what obligations are required to be performed." We are of the opinion that the language used in the notice of intention to foreclose in question is similar to the paragraph found to be in error in Fidelity. Therefore, this notice is likewise defective.

Defendants also allege that the notice in the case at bar is defective in other respects. To that end, defendants claim that the specific months in default must be stated in the notice, and that the notice must inform the mortgagee that the default can be cured by a transferee.

Although 41 P.S. §403 does not state that the notice must specify the months in which the mortgagee is in default, section 403(c)(2) requires the notice to contain a "clear and conspicuous" statement of the nature of default. Consequently, in order to understand the nature of the default, the debtor must be informed of the specific months al-

458

leged in the default. Kennedy, supra. In the case at bar, the total amount due is given without an itemized list of the specific months for which the mortgage is in arrears. Thus, the notice in this case is also defective for failure to inform the debtor of the specific months allegedly in default.

As to the mortgagor's right to be informed that the default can be cured by a transferee, section 403(c)(6) requires the notice to state "clearly and conspicuously" the debtor's rights to transfer the real estate to another person, with the transferee's right to cure to flow therefrom. Thus, where the notice advises defendants of their rights to transfer the real estate to another person but does not state that the transferee can cure the default, it is a violation of the act. Kennedy, supra. In the present case, the notice informs the defendants of their right to transfer to another, but fails to inform defendants that a transferee can cure the defect. Thus, according to Kennedy, this omission also renders the notice defective.

## ORDER OF COURT

And now, this November 9, 1984, the motions for summary judgment filed by plaintiff and defendants are denied. Plaintiff's complaint is dismissed without prejudice.