546 A.2d 79

**COMMONWEALTH of Pennsylvania**

v.

**Bruce HENDRICKS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1988.

Filed July 7, 1988.

Reargument Denied Aug. 30, 1988.

382

John Packel, Assistant Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before DEL SOLE, MONTGOMERY and HOFFMAN, JJ.

PER CURIAM:

This appeal is from the judgment of sentence for robbery, 18 Pa.C.S.A. § 3701. Appellant contends that the trial court erred in refusing to rule on his submitted points for charge before the start of closing arguments, as required by Pa.R.Crim.P. 1119(a). For the reasons set forth below, we vacate the judgment of sentence and remand for a new trial.[1]

1. Appellant also contends that trial court erred in failing to specifically instruct the jury on the effect of prior inconsistent statements.

On May 24, 1984, appellant was arrested and charged with robbery and related offenses. Following a jury trial, on August 23, 1985, appellant was found guilty of robbery and acquitted of all other charges. Timely post-trial motions were filed and denied. Appellant was then sentenced to five-to-ten years imprisonment. This appeal followed.

Appellant contends that the trial court erred in refusing to rule on his written points for charge before closing argument, despite counsel's timely request for such a ruling. Appellant claims that the court's failure to timely advise him of its ruling on the submitted charges constitutes a violation Pa.R.Crim.P. 1119(a). Appellant further argues that he was prejudiced by the court's noncompliance because defense counsel's closing argument focused on legal theories that were contained in his points for charge that the court did not include in its instruction to the jury.

Preliminarily, we note that appellant and the Commonwealth agree that there are no reported Pennsylvania appellate decisions regarding the effect of a trial court's failure to comply with the directives of Pa.R.Crim.P. 1119. In support of his contention that the court's failure to observe Rule 1119(a) prejudiced his defense, appellant relies on federal case law interpreting analogous provisions contained in Fed.Rule Crim.Pro. 30. Because the effectiveness of the defense was seriously impaired by the court's noncompliance with Pa.R.Crim.P. 1119(a), appellant claims that a new trial is warranted. We agree.

The predecessor to current Rule 1119(a) of the Pennsylvania Rules of Criminal Procedure required that the court, *following* the completion of closing arguments, charge the jury and then proceed to rule on the parties' submitted written requests for jury instructions.[2] On April 23, 1985,

Because of our disposition of this case, we need not address this contention.

**2.** Prior to July 1, 1985, Pa.R.Crim.Pro. 1119(a) provided:

Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. *The trial judge shall*

the Pennsylvania Supreme Court amended Pa.R.Crim.P. 1119(a). The rule now provides that:

> Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments ... *Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests.* The trial judge shall charge the jury after the arguments are completed.

*Id.* (emphasis supplied). The difference in the procedure following the 1986 amendment is that the court now is *required* to rule on proposed written jury instructions *before* closing arguments and charging the jury whereas under the old procedure the court ruled on the requested jury instructions *after* closing arguments and the charge to jury.

The official comment to Rule 1119(a) states that the rule is patterned after Rule 30 of the Federal Rules of Criminal Procedure. *See* Pa.R.Crim.P. 1119(a) comment (1987) (amendment to Rule 1119(a) parallels the Fed.Rule Crim. Pro. 30). Because there is no Pennsylvania case that discusses the effect of a court's failure to comply with Pa.R. Crim.P. 1119(a), our interpretation of the Pennsylvania rule is accordingly guided by reference to federal cases decided under Fed.Rule Crim.Pro. 30. *See Cambanis v. Nationwide Ins. Co.*, 348 Pa.Superior Ct. 41, 45–46 n. 4, 501 A.2d 635, 637 n. 4 (1985) (where Pennsylvania rule fashioned upon federal rule then federal case law is instructive); *Michigan Bank v. Steensen*, 211 Pa. Superior Ct. 405, 406 n. 1, 236 A.2d 565, 566 n. 1 (1967) (where state rule parallels federal rule, federal court decisions are instructive).

■ Under Rule 30 of the Federal Rules of Criminal Procedure,[3] the court is required to rule on all proposed

charge the jury after the arguments are completed, and shall then rule on all written requests. *Id.* (adopted January 24, 1968, effective August 1, 1968) (emphasis added).

3. Rule 30 provides:

jury instructions prior to charging the jury and closing summations. "The purpose of this rule is to require the judge to inform [counsel] in a fair way what the charge is going to be, so that they may intelligently argue the case to jury." *United States v. Wander*, 601 F.2d 1251, 1262 (3rd Cir.1979) (citing *Ross v. United States*, 180 F.2d 160, 165 (6th Cir.1950). Failure of the court to comply with Rule 30 requires the granting of a new trial if "counsel's closing argument was prejudicially affected thereby." *United States v. McCown*, 711 F.2d 1441, 1452 (9th Cir.1983).

> The potential for prejudice is often great when the trial judge allows defense counsel to proceed with closing argument under the mistaken assumption that the jury will receive a certain instruction. In such a case, defense counsel may well tailor closing argument to emphasize an instruction that the jury never receives, thus impairing the effectiveness of the argument. There looms the possibility that the actual jury instruction may contradict or repudiate the thrust of closing argument.

*Id.* In determining whether the defense was prejudiced, an inquiry into the appropriateness or correctness of the proposed jury instructions is irrelevant. *See United States v. Harvill*, 501 F.2d 295, 296–97 (9th Cir.1974). "It [is] the court's failure to advise counsel of its ruling prior to closing argument, not the soundness of that ruling, which violate[s] Rule 30 and prejudicially affect[s] counsel's summation." *Wright v. United States*, 339 F.2d 578, 580 (9th Cir.1964).

> At the close of the evidence or at such earlier time as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to all parties. *The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.* The court may instruct the jury before or after the arguments are completed or at both times. No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.
> Fed.Rules Crim.Proc.Rule 30, 18 U.S.C.A. (emphasis supplied).

We are in agreement with the federal court's that the primary focus of the rule should be a determination whether the defense was prejudiced for tailoring its closing argument to instructions that ultimately were not given to the jury.

■ Here, defense counsel, during the course of the trial, submitted his requested points for charge to the trial judge. *See* N.T. August 22, 1985 at 2–154. After the evidence was presented but prior to the commencement of closing summations, appellant's counsel requested that the court rule on his proposed jury instructions. The court, responding to counsel's request, stated:

COURT: I really don't want to get involved in points for charge now. I told you a few minutes ago I didn't want to do that, but you want to insist that I rule on it now, and I don't want to do that anymore ....

You argue to the jury. You can argue anything you want. I'm not bound by what you argue to the jury ....

It's untimely for me to argue about points for charge. You're not even at closing arguments yet.

N.T. August 22, 1985 at 2–223—2–26. After counsel attempted to direct the court's attention to Pa.R.Crim.Pro. 1119(a), the following exchange took place:

MR. SODROSKI [Appellant's counsel]: If I may, Your Honor, the rule says—

THE COURT: No, you may not.

MR. SODROSKI: The rule says you must do it before.

THE COURT: Before I charge, but not before the summations.

MR. SODROSKI: I disagree with the Court's interpretation.

*Id.* at 2–226—2–27. Appellant's counsel informed the court that Rule 1119 had been amended and by its very terms required the court to rule on submitted points for charge prior to closing arguments. *Id.* at 2–227. Thereafter, the

court repeated its previous ruling and counsel again objected.[4] *Id.*

Counsel then proceeded to address the jury based upon defense theories contained in his requested instructions. A substantial portion of counsel's closing argument was devoted to emphasizing the question of the complainant's credibility. *See* N.T. August 23, 1985 at 2–241—2–250. The focus of counsel's credibility argument was on the legal maxim, "falsus in uno, falsus in omnibus", the translation of which is "false in one, false in all", as it related to prior inconsistent statements made by the complainant.[5] Following appellant's closing argument, the trial court judge, out of the presence of the jury, forthrightly recognized her error and concluded that she did not have to advise the parties in advance of her ruling on their requested points for charge. N.T. August 23, 1985 at 2–267. The court, nevertheless, denied appellant's requested points for charge on the issue of the complainant's prior inconsistent statements and the "falsus in uno, falsus in omnibus" maxim. *Id.* at 2–269.

In its opinion, the trial court acknowledges that under the amended Rule 1119(a), it was error not to advise counsel of its ruling on the requested points for charge prior to appellant's closing argument. The court, however, concludes that appellant's requested instruction was incorrect and, therefore, the error was harmless. *See* Trial Court Opinion at 21. We do not agree.

**4.** The Commonwealth contends that appellant did not timely object and thus, has waived his claim. We note, however, that the record is replete with appellant's counsel's timely objections. *See* N.T. August 23, 1985 at 2–223, 2–226, 2–227. Accordingly, the Commonwealth's contention that appellant has failed to preserve his claim under Rule 1119(a) must fail.

**5.** We express no opinion as to the legal validity of the maxim "falsus in uno, falsus in omnibus" nor the propriety of its use as a jury instruction in this Commonwealth. *See Burns v. Pepsi–Cola Metropolitan Bottling Co.,* 353 Pa.Superior Ct. 571, 580, 510 A.2d 810, 814 (1986) (applicability of maxim of "falsus in uno, falsus in omnibus" as jury instruction reviewed and found to be properly withheld based on facts not accuracy).

■ Preliminarily, we note that we agree with federal precedent that it is not relevant whether the requested jury instructions are accurate. *See United States v. Harvill, supra; Wright v. United States, supra.* Instead, the court's failure to advise counsel of its ruling prior to closing arguments is sufficient to impair the effectiveness of counsel's summation and prejudicially affect appellant's defense. *See United States v. Wander, supra; Wright v. United States, supra.* In this case, appellant's counsel, specifically, requested the court rule on his points for charge prior to his summation, in order to allow him to prepare an effective summation that would not contradict the court's instruction. *See United States v. Wander, supra.* Counsel, however, was not afforded that opportunity and consequently, his closing argument was severely weakened by the court's subsequent instruction to the jury. *See* N.T. August 22, 1985 at 2–228—2–266. Because the court failed to inform counsel of its ruling on his requests pursuant to Rule 1119(a), counsel's closing argument was based upon a theory of defense that the court rejected and the jury never received. *See Wright v. United States, supra.* As a result of the court's failure to substantially comply with the directives of Rule 1119(a), *see United States v. Wander, supra* at 1262, appellant's closing argument was rendered meaningless. *See Id.; United States v. McCown, supra; United States v. Harvill, supra.* Accordingly, we conclude that the court's failure to inform counsel of its ruling on the requested points for charge prior to closing arguments and the jury instruction, was prejudicial to appellant's defense and warrants a new trial be granted. Judgment of sentence reversed and case remanded for a new trial. JURISDICTION IS RELINQUISHED.

DEL SOLE, J., files a concurring opinion.

DEL SOLE, Judge, concurring:

I agree with the majority's determination that the effectiveness of Appellant's trial defense was seriously impaired

by the trial court's noncompliance with Pa.R.Crim.P. 1119(a) and that a new trial is warranted in the instant case. I must disagree, however, with the majority's determination that prejudice to the defendant automatically arises in every such instance.

In the instant case, the record shows that Appellant's attorney unsuccessfully requested the trial court to rule on his points for charge prior to presenting his closing argument. Following the court's refusal to inform counsel of its ruling on the requested points for charge prior to closing argument, a major portion of defense counsel's argument was based on the issue of the alleged victim's prior inconsistent statements and the "falsus in uno, falsus in omnibus" maxim. The trial court subsequently rejected the point for charge in question, and the jury was never given the instruction. Thus, the record shows that Appellant's defense was indeed prejudiced by the trial court's actions.

However, a finding of prejudice is not necessary in all cases. For example, in cases where counsel's request for a point for charge is not ruled on by the trial court prior to closing argument as mandated under Pa.R.Crim.P. 1119(a) but the point is eventually approved and given by the trial court, there is no prejudice to the defendant. Therefore, while I agree with the majority's determination of prejudice in the instant case, I feel that they go too far in their determination that a defendant is prejudiced in *all* cases where the trial court fails to inform counsel of its rulings on requested points for charge prior to closing arguments pursuant to Pa.R.Crim.P. 1119(a). I would require a showing of prejudice.