J-A26041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HARVEY ELWOOD DEMMITT, JR. | |
| Appellant | No. 233 MDA 2014 |

Appeal from the Judgment of Sentence February 23, 2009
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000388-2008

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:　　　　　　　　　**FILED DECEMBER 01, 2014**

Appellant Harvey Demmitt, Jr. ("Appellant") appeals the judgment of sentence entered on February 23, 2009, by the Centre County Court of Common Pleas.  After careful consideration, we reverse and remand for a new trial.

The trial court summarized the facts and procedural history of this matter as follows:

> On February 19, 2008, [Appellant] was arrested and charged with Failure to Comply with Registration of Sexual Offenders Requirements, 18 Pa.C.S.A. § 4915.  [Appellant] was charged on the same day that [Appellant] was released from the State Correctional Institution at Rockview at the completion of his revocation sentence on an earlier charge.  Prior to his release, having been previously determined to be a Sexually Violent Predator, [Appellant] met with SCI-Rockview staff to review the residence reporting requirements under Megan's Law for Sexually Violent Predators.  Several SCI-Rockview staff members worked with [Appellant] to attempt to secure housing for him.  The staff specifically looked for a structured living

arrangement that could accommodate [Appellant's] mental illness. Unfortunately, the staff members were unable to find any facility in Pennsylvania with an available bed. [Appellant] also attempted to secure a residence with his parents, other relatives, and his former foster parents, but those efforts were similarly unsuccessful.

Ten days prior to his scheduled release, [Appellant] met with a records[] officer at SCI-Rockview and told the officer that he wanted to either stay at SCI-Rockview or walk to the Centre County Correctional Facility, the local county prison, because he was otherwise homeless. Eventually, [Appellant] told SCI-Rockview staff that he did not have an intended residence and therefore did not intend to comply with the reporting requirements. Accordingly, upon release, [Appellant] was met by Trooper Brian Wakefield of the Pennsylvania State Police, who, after confirming that [Appellant] was not in compliance with the registration requirements, arrested him, read him his **Miranda** rights, and eventually charged him with Failure to Comply with Registration of Sexual Offenders Requirements, 18 Pa.C.S.A. § 4915.

[Appellant] was found guilty of this charge by a jury on January 13, 2009. Thereafter, on February 23, 2009, [Appellant] was sentenced to 1 to 7 years in a State Correctional Facility with credit for 371 days time served. On February 26, 2009, [Appellant] filed Post-Sentence Motions arguing, *inter alia*, that one could not be convicted for failing to register a residence if one was homeless. At trial, [Appellant] requested a Point for Charge to inform the jury that it could not find [Appellant] guilty if he were homeless. The Commonwealth did not object, and the Court said that it would read the charge. Ultimately, the Point for Charge was not read to the jury. [Appellant] timely objected. After several hours of deliberation, the jury sent out a question as to whether a Sexually Violent Predator had to include a specific address on the registration form in order to be properly registered. The Court responded, over [Appellant's] objection, that for the form to be complete, it had to contain a specific intended residence.

After a hearing on July 15, 2009, the Court granted in part [Appellant's] Post-Sentence Motion, finding that it was constrained by the Superior Court's holding in **Commonwealth v. Wilgus**, 2009 PA Super. 116, 975 A.2d 1183, *rev'd* 40 A.3d 1201 (Pa. 2012) ("**Wilgus I**"), to award [Appellant] a new trial.

The **Wilgus I** Court found that the lower court had properly arrested judgment in a case where an offender was arrested for not providing his address due to his homelessness. Accordingly, [Appellant] was awarded a new trial. [Appellant] then filed a Motion for Reconsideration on July 20, 2009, arguing that the proper remedy was not a new trial but instead an arrest of judgment.

Before the Court ruled on [Appellant's] Motion for Reconsideration, the Commonwealth appealed on August 13, 2009, challenging the [c]ourt's order granting [Appellant] a new trial. The Superior Court did not decide the Commonwealth's appeal until May 1, 2012. In the interim, on March 26, 2012, the Supreme Court reversed **Wilgus I** and explained that "Pennsylvania's Megan's Law clearly requires sexually violent predators to notify Pennsylvania State Police of all current and intended residences, and to notify police of a change of residence. . . There is no exception for homeless offenders, and the Superior Court was incorrect in reading such an exception into the statute." **Commonwealth v. Wilgus**, 40 A.3d 1201, 1208 (Pa. 2012) ("**Wilgus II**")). Thereafter, on May 1, 2012, the Superior Court reversed this [c]ourt's July 15, 2009 Opinion and Order granting [Appellant] a new trial, and held that in accordance with **Wilgus II** homelessness was not a defense to a charge of failure to comply with sex offender registration requirements. **Commonwealth v. Demmitt**, 2012 PA Super. 95, 45 A.3d 429, 432 *appeal denied*, 67 A.3d 793 (Pa. 2013.)

On May 13, 2013, [Appellant] filed a Motion to Rule on Post-Sentence Motions Outstanding at the Time of the Commonwealth's Appeal because the [c]ourt had not considered all of [Appellant's] Post-Sentence Motions before the appeal. This [c]ourt granted [Appellant's] Motion in an Opinion and Order dated September 11, 2013, and held a hearing on the remaining motions on November 4, 2013. Thereafter both parties submitted briefs. Upon consideration of the record, briefs, and arguments of counsel, the [c]ourt is ready to render its decision on the four remaining Post-Sentence Motions: Motion for Arrest of Judgment—Sufficiency of the Evidence; Motion for Arrest of Judgment—Bill of Attainder; Motion for New Trial—Court's Rejection of Defense of Homelessness; and Motion for New Trial—Prosecutorial Misconduct.

Trial Court Opinion and Order, Jan. 9, 2014 ("1925(a) Opinion"), pp. 1-4 (footnote omitted).

Appellant raises the following claims for our review:

I.   Was the evidence insufficient to establish that [Appellant] failed to comply with registration of sexual offender requirements as he clearly identified a place where he intended to reside, but the records officer refused to list this information on the registration form?

II. As applied to the facts in this case, does Megan's Law constitute an illegal Bill of Attainder?

III. Is [Appellant] entitled to a new trial where the court changed its ruling on [Appellant's] Points for Charge and took away [Appellant's] homelessness defense after [Appellant's] closing argument?

IV. Was [Appellant] denied substantive due process of law such that he is entitled to a new trial where the Commonwealth, in order to avoid dismissal of the charges on pre-trial motions, told the trial court that it was not prosecuting [Appellant] because he was involuntarily homeless; then reneged on its earlier representations and argued that [Appellant] was guilty even if his homelessness was involuntary?

Appellant's Brief, pp. 5-6.

We address Appellant's third claim first, as it is dispositive.  In this claim, Appellant maintains that the court committed reversible error when it informed him it would instruct the jury that homelessness was a defense to the crime charged and, after closing arguments, reversed its ruling.  *See* Appellant's Brief, p. 35.  We agree.

This Court's standard of review in assessing a trial court's jury instructions is as follows:

[W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Trippett*, 932 A.2d 188, 200 (Pa.Super.2007) (quoting

*Commonwealth v. Kerrigan*, 920 A.2d 190, 198 (Pa.Super.2007)).

Pennsylvania Rule of Criminal Procedure 647 provides:

Any party may submit to the trial judge written requests for instructions to the jury. . . . Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests and which instructions shall be submitted to the jury in writing. The trial judge shall charge the jury after the arguments are completed.

Pa.R.Crim.P. 647(A). "The purpose of this rule is to require the judge to inform [counsel] in a fair way what the charge is going to be, so that they may intelligently argue the case to jury." *Commonwealth v. Hendricks*, 546 A.2d 79, 81 (Pa.Super.1988) (quoting *United States v. Wander*, 601 F.2d 1251, 1262 (3rd Cir.1979)). A court's failure to comply with Rule 647 requires the granting of a new trial if "counsel's closing argument was prejudicially affected thereby." *Id.* (quoting *United States v. McCown*, 711 F.2d 1441, 1452 (9th Cir.1983) (discussing federal version of rule)).

In *Hendricks*, this Court ordered a new trial where the court did not rule on requested points of charge until after closing argument, and defense counsel's closing arguments focused on a requested point of charge that the

trial court subsequently refused to give to the jury. **Hendricks**, 546 A.2d at 82-83. The Court found that because the trial court failed to inform counsel of its decision to reject the proposed instruction, and because counsel's summation relied on an instruction the jury never received, a new trial was warranted. **Id.** at 83.

Here, Appellant requested, and the trial court stated it would provide, an instruction that homelessness was a defense to the crime charged. The trial court, however, did not provide the homelessness charge. Instead, it instructed the jury as follows:

> The charge against the Defendant is that of failure to follow certain reporting requirements imposed by law. To find the defendant guilty of this offense you must find that the following elements have been established beyond a reasonable doubt:

> First that the Defendant is required to register all current of intended residences with the Pennsylvania State Police upon his release from a state correctional facility.

> Second that the Defendant knowingly failed to register all current or intended residences with the Pennsylvania State Police upon release. To act knowingly in this regard means that the defendant was aware of his obligation and voluntarily did not do so.

> In my instructions I have given you the legal definition of the crime charged. Motive is not a part of that definition. The Commonwealth [is] not require[d] to prove a motive for the commission of the crime charged.

> However, you should consider evidence of motive or lack of motive. Knowledge of human nature tells us that an ordinary person is more likely to commit a crime [if] he or she has a motive than if he or she has none.

You should weigh and consider the evidence attempting to show motive or absence of motive, along with all other evidence in deciding whether the Defendant is guilty or not guilty. It is entirely up to you to determine what weight should be given to the evidence concerning motive.

As used in the proceeding instruction, the following words have the following meanings: residence is a location where an individual resides, or is domiciled, or intends to be domiciled for 30 consecutive days or more during a calendar year.

Voluntary is proceeding from the will, done of or due to one's own accord or free choice; unconstrained by external inference, force, or influence; not compelled, prompted, or suggested by another. Spontaneous: of one's is or its own accord, free.

Criminal liability may not be imposed for the failure to perform acts which a person has no power to perform. Rather, [the] essence of criminal law is the imposition of criminal liability for voluntary, [culpable] acts which are offensive to public order and decency.

N.T. 1/12/2009, pp. 172-174.

The trial court found the denial of the homelessness charge was not error because homelessness is not a defense. 1925(a) Opinion, p. 8. The trial court further found that, unlike **Hendricks**, Appellant was not prejudiced by the absence of the requested instruction because it gave the following instruction instead: "Criminal liability may not be imposed for the failure to perform acts which a person has no power to perform. Rather the essence of criminal law is the imposition of criminal liability for voluntary, [culpable] acts which are offensive to public order and decency." **Id.** at 9.

The trial court abused its discretion by refusing to charge the jury as agreed. Prior to closing arguments, the court informed the parties that it

would instruct the jury that homelessness was an absolute defense to the crimes charged. Defense counsel tailored his closing argument in reliance upon the court's assurances. *See* N.T. 1/12/2009, pp. 153-158. Then, without warning, the trial court did not give the jury the homelessness charge. *See* 1925(a) Opinion, p. 7; N.T. 1/12/2009, pp. 172-174. Given that defense counsel tailored Appellant's closing upon the expected homelessness charge, the trial court's failure to provide the charge was an error that prejudiced Appellant.[1] This error warrants a new trial. *See Hendricks*, 546 A.2d at 82-83. Accordingly, we reverse the judgment of sentence and remand the matter for a new trial.[2]

Judgment of sentence reversed. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2014

---

[1] We further note that the trial court's "failure to perform" charge, discussed *supra*, was not nearly as explicit as the previously-agreed homelessness charge and did not remedy the prejudice suffered by Appellant when the court failed to charge the jury as it had indicated it would prior to Appellant's closing argument.

[2] Because Appellant's third claim is dispositive, we need not discuss Appellant other three claims of error.