IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 31885**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )    **2007 Opinion No. 18** |
|      Plaintiff-Respondent, | ) |
| | )    **Filed: March 22, 2007** |
| v. | ) |
| | )    **Stephen W. Kenyon, Clerk** |
| MICHAEL JOSEPH AMELIA, | ) |
| | ) |
|      Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell; Hon. Phillip M. Becker, District Judges.

Judgment of conviction for possession of amphetamine, <u>vacated</u>, and <u>case remanded</u>.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

A jury found Michael Joseph Amelia guilty of possession of amphetamine.[1]  The sole issue presented is whether the district court committed reversible error in instructing the jury. We conclude that prejudicial error occurred, and we therefore vacate the judgment and remand for a new trial.

## I.

## BACKGROUND

At Amelia's trial, the arresting officer testified that he stopped Amelia's vehicle for running a red light and that Amelia seemed excessively nervous.  When the officer asked why, Amelia said, among other things, that he was nervous because he had pills in his pocket.  The

officer arrested Amelia after observing a marijuana pipe in the vehicle. When Amelia was searched at the jail, four blue pills were found on him. The pills were determined to be amphetamine. Amelia was then charged with possession of a controlled substance, Idaho Code § 37-2732(c)(1).

Amelia testified that the pills were given to him by a friend and that he initially thought the pills were an over-the-counter pain reliever consistent in color and shape to some that he had previously taken, but that his girlfriend later told him that "they did not look right." A taped police interview of Amelia was entered into evidence and played for the jury. In that interview, Amelia admitted, in essence, that he knew he had the pills in his pocket, but said that he had not tried them, that he did not know what they were, that he had no prescription for the pills, and that he should have determined what they were. Amelia made no statement that he knew the pills were amphetamine.

During the course of the trial, the district court held a jury instruction conference at which the prosecution argued that the elements instruction should say that the State was required to prove that Amelia knowingly possessed the pills and "knew it was amphetamine or believed it to be another controlled substance." Amelia objected, asking the district court to instruct the jury that the State must prove that Amelia "knew it was amphetamine." The district court held that it would instruct as Amelia requested. Before closing argument, the district court orally read the instructions to the jury, including an instruction requiring proof beyond a reasonable doubt that Amelia "knew it was amphetamine."

Relying on the district court's ruling and oral instruction, defense counsel's closing argument was dedicated almost exclusively to the contention that Amelia did not know the pills were amphetamine and that his suspicion that they might be another controlled substance was insufficient to convict. Defense counsel argued:

> The key point is, though, that the State must prove beyond a reasonable doubt that . . . these pills were amphetamine. If you look at this, he did not know they were amphetamine.

---

[1] In the same trial, Amelia was also convicted of possession of drug paraphernalia but that conviction is not challenged in this appeal.

The State has argued he's nervous about [the pills], he thinks there may be something wrong with them. Even if you accept the State's view that he seemed nervous about these pills, that he seemed to think something was wrong with them, and he testified to you he had his suspicions, that's not proof beyond a reasonable doubt that he knew these were amphetamine.

. . . .

It's also perfectly reasonable that he's nervous about these pills because he doesn't know what in the world they are. He figured out that they are not what he thought they were, and he's thinking, man, I should have just got rid of these because this is going to be a big fuss, and I could get in a lot of trouble for it.

That's entirely reasonable, and that's what happened here, so it's not proven beyond a reasonable doubt that he knowingly possessed amphetamines.

. . . .

They have to prove beyond a reasonable doubt that you knowingly possessed the drugs, not that you had a hunch, or anything like that.

When the case was submitted to the jury, the district court gave the jurors written copies of the jury instructions for use in their deliberations. However, the written elements instruction, contrary to the oral instruction previously read to the jury, stated that Amelia could be convicted if the State proved that Amelia "knew it was amphetamine *or believed it to be another controlled substance*." The jury found Amelia guilty. On appeal, Amelia asserts that the district court erred by giving the jury a written instruction that was inconsistent with the oral instruction upon which his counsel relied in his closing argument.

## II.

## ANALYSIS

Idaho Criminal Rule 30(b) requires that the court read instructions to the jury before final argument unless the parties consent that they may be read after argument. The purpose of this rule is to inform the attorneys about the charge to the jury so that they may frame their arguments with knowledge of the legal standards that the jury has been directed to apply. Rule 30(b) also requires that a copy of the written instructions be given to each juror when the jury retires to deliberate. It goes without saying that the written instructions given to jurors must coincide with the instructions that were read to them. *See State v. Buster*, 28 Idaho 110, 120-21, 152 P. 196, 199-200 (1915).[2]

---

[2]     The Court in *Buster* applied sections 7886 and 7902 of the Revised Codes, currently codified as I.C. §§ 19-2132 and 19-2203. The same result follows from Idaho Criminal Rule 30.

At the outset, it should be noted that the written instruction taken into the jury room was a correct statement of the law, *see State v. Thompson*, 143 Idaho 155, 157 n.1, 139 P.3d 757, 759 n.1 (Ct. App. 2006), and consistent with the current pattern criminal jury instruction, ICJI 403, although this version of the instruction had not yet been adopted when Amelia's trial occurred.[3] On appeal, Amelia does not dispute that the written instruction was correct. Rather, he asserts that the district court's error necessitates reversal of his conviction because his counsel relied on the oral instruction and was misled in fashioning his closing argument to the jury. We agree that the correctness of the written instruction does not preclude relief on this appeal. Where it is contended that a trial court's alteration of jury instructions after closing arguments, or failure to rule on instructions before argument, prejudicially affected a defendant's closing argument, an inquiry into the appropriateness or correctness of the jury instruction is irrelevant. *United States v. Wander*, 601 F.2d 1251, 1262-63 (3rd Cir. 1979); *United States v. Harvill*, 501 F.2d 295, 296-97 (9th Cir. 1974); *Commonwealth v. Hendricks*, 546 A.2d 79, 81 (Pa. Super. Ct. 1988). *Compare State v. Enno*, 119 Idaho 392, 400-01, 807 P.2d 610, 618-19 (1991) (ex parte jury instruction given after closing argument held to be harmless error where instruction was a correct statement of the law and not prejudicial to the defendant).

The proper inquiry is whether the defendant's closing argument was prejudicially affected by the post-argument alteration of the instructions. In analogous circumstances other courts have held that a trial court's revision of instructions during or after argument, or its inaction on jury instructions before arguments, will constitute reversible error if an argument was prejudicially affected or undermined. In *Harvill*, the trial court indicated to defense counsel that

---

[3]     Idaho Criminal Jury Instruction 403, as modified in July 2005, states:

In order for the defendant to be guilty of Possession of a Controlled Substance, the state must prove each of the following:
1.     On or about [date]
2.     in the state of Idaho
3.     the defendant [name] possessed any amount of [name of substance], and
4.     the defendant either knew it was [name of substance] or believed it was a controlled substance.

If any of the above has not been proven beyond a reasonable doubt, you must find defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

4

it would give the defendant's requested jury instruction requiring specific intent as an element of the offense, and defense counsel gave closing argument in reliance. The trial court thereafter instructed the jury that specific intent was not an element. On appeal, the Ninth Circuit reversed the conviction, stating:

> In this instance, Harvill's counsel argued to the jury after receiving misleading assurances that his instructions on specific intent would be given. Although only a portion of his closing argument stressed this issue, we cannot conclude that 'the effectiveness of counsel's argument and hence of appellant's defense' was not impaired by counsel's inaccurate information regarding the court's charge.
>
> Although the government argues that the outcome of the trial could not conceivably have been affected had Harvill's counsel based his argument on accurate information about the court's action on his requested instructions, we cannot say that if the argument had been retailored to focus more vigorously on the questions of constructive possession and credibility of the witnesses, there would not have been a different outcome. In effect, part of counsel's argument was repudiated by the court . . . .

*Harvill*, 501 F.2d at 297 (citations omitted).

In *Wander*, before closing argument the trial judge advised counsel that he would instruct the jurors to acquit the defendants if they found that a woman named Currie was a willing participant in the defendants' criminal scheme. Counsel for the defendants relied on this proposed instruction in their summations, devoting a substantial portion of their arguments to Currie and her state of mind. They attempted to portray her as a drug using, dissolute woman whose testimony concerning her role in the scheme lacked credibility. When the judge delivered his instructions to the jury, however, he changed the emphasis to the defendants' intent and said that the jury could still convict even if Currie was a willing participant as long as the defendants intended to extort her. On these facts, the Third Circuit Court of Appeals vacated the defendants' convictions because the defendants were prejudicially misled in formulating their summations. *Wander*, 601 F.2d at 1262-63. *See also United States v. James*, 239 F.3d 120, 124-25 (2nd Cir. 2000); *United States v. Gaskins*, 849 F.2d 454, 458 (9th Cir. 1988); *United States v. Mendoza*, 473 F.2d 697, 699-701 (5th Cir. 1973); *People v. Sanchez*, 147 Cal. Rptr. 850 (Cal. App. Dep't Super. Ct. 1978); *People v. Clark*, 556 N.W.2d 820 (Mich. 1996); *Murray v. State*, 857 S.W.2d 806 (Tex. Ct. App. 1993).

In the present case, there is apparent prejudice. In reliance upon the oral jury instruction, defense counsel focused his argument on the weakness of the State's evidence that Amelia knew

the pills to be amphetamine but did not address the alternative basis given in the written instruction for a finding of guilt--that Amelia believed the pills to be some other controlled substance. Indeed, counsel's argument came perilously close to a concession that Amelia believed the pills to be a drug that it was unlawful for him to possess, but urged that this would not be enough for a conviction because the State must prove knowledge that the substance was amphetamine. In this circumstance, the district court's inadvertence[4] caused prejudice because if the written instruction had been approved by the court before argument, counsel no doubt would have tailored his argument to address the element that allowed conviction if Amelia believed the pills to be a controlled substance.

We cannot say with reasonable certainty that the verdict in this case would have been the same absent the district court's error. Therefore, the judgment of conviction is vacated, and this case is remanded for further proceedings.

Chief Judge PERRY and Judge GUTIERREZ **CONCUR.**

---

[4] There is no indication in the record that the district court rethought its ruling and intentionally gave a revised instruction. The result in this case would be the same in either event.